537 A.2d 350
**Mia Joy LAMPA, Appellant,**
v.
**Craig Monroe LAMPA, Appellee.**
Superior Court of Pennsylvania.
Argued Oct. 15, 1987.
Filed Jan. 29, 1988.

2

Richard J. Shiroff, Easton, for appellant.

Before CAVANAUGH, McEWEN and KELLY, JJ.

4

KELLY, Judge:

This is an appeal from an order directing modification of child support for two minor children. Appellant, Mia Joy Lampa argues that the trial court improperly excluded from its consideration the legitimate expenses attendant to raising these children, and failed to follow the dictates of *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984) and county guidelines promulgated pursuant to 23 Pa.C.S. § 4322. We agree, and accordingly reverse the trial court's order and remand with directions for further proceedings.

The parties to this appeal were separated in 1981; appellant retained custody of the two children. A consent order was entered later in 1981 whereby appellee, Craig Monroe Lampa agreed to pay $115.00 per week for support of the children. On July 21, 1984, appellee purchased a lucrative photography business and left his former employment to manage the business. On January 8, 1985, based upon appellee's change in circumstances, appellant petitioned for modification and increase of the support order. A support conference was held, and the parties failed to reach agreement. The court dismissed the petition on February 28, 1985 and ordered the support obligation continued at $115.00 weekly.

Both parties requested a *de novo* hearing following entry of this order. The trial court then, on April 10, 1985, reduced the appellee's support obligation to $67.00 weekly. Appellant appealed the order to this Court. We reversed the order and remanded for further proceedings.

On remand, support hearings were held on October 22, 1986 and November 26, 1986 before a Domestic Relations (Special) Master; the Master recommended the appellee's support obligation be increased to $169.00 weekly based upon the county guidelines, the *Melzer* formulations, the needs of the children and the parties' individual circumstances, including the income of appellee's second wife. (*See* Master's Report filed January 28, 1987). However, on review of the Master's recommendation, the court rejected the Master's computations of appellee's disposable income,

and of appellant's reasonable and necessary expenses associated with her custodial care of the children. On April 29, 1987, the court entered an order, also using the *Melzer* formula, increasing the support obligation to $121.00 weekly (an increase of only $6.00 over the previous court order of $115.00). Appellant's timely appeal to this Court followed.

Appellant contends the court abused its discretion as the court: impermissibly reduced the amount of mortgage payments and household expenses attributable to the reasonable needs of the children; disallowed any expenses for automobile maintenance; disallowed any expenses for babysitting; failed to include appellee's spouse's income when calculating appellee's disposable income; and failed to adequately consider the county support guidelines.[1] We agree that the trial court erred in reducing or disallowing reasonable and necessary expenses in child-rearing and therefore we reverse the order.

Our standard of review is such that we will not overturn a child support order unless the court abused its discretion in fashioning the award. Such abuse will be found where there is insufficient evidence to sustain the award or where the law is overridden or misapplied. *Fee v. Fee,* 344 Pa.Super. 276, 496 A.2d 793 (1985).

At the outset, we note that there were material changes in circumstances which would justify modifying the support order. In a petition to modify a support order, the petitioner carries the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original support order. *Palmatier v. MacCartney,* 365 Pa.Super. 300, 529 A.2d 518 (1987); *Koller v. Koller,* 333 Pa.Super. 54, 57, 481 A.2d 1218, 1220 (1984) (citing *Commonwealth ex rel. Vona v. Stickley,* 287 Pa.Super. 296, 430 A.2d 293 (1981)). The

---

1. Appellant's Statement of Questions Involved presents only one issue: whether the trial court committed an abuse of discretion and errors of law. However, appellant raises the aforementioned arguments in support of this one issue.

trial court must consider all pertinent facts and base its decision upon facts appearing in the record which indicate whether the petitioner did or did not meet the burden of proof as to changed circumstances. *Koller, supra,* 333 Pa.Superior Ct. at 57, 481 A.2d at 1220; *Commonwealth ex rel. Scanlon v. Scanlon,* 311 Pa.Super. 32, 457 A.2d 98 (1983). We agree with the trial court that appellant established a sufficient change in circumstances that appellee had purchased a lucrative business and doubled his disposable income. Thus, reconsideration of the support order was appropriate.

 Once a new award must be calculated, the court is required to determine the reasonable needs of the parties' children; reasonable expenses are not limited to bare necessities but may reflect a reasonable standard of living for the child. *Commonwealth ex rel. Stump v. Church,* 333 Pa. Super. 166, 481 A.2d 1358 (1984). The court must then analyze the respective abilities of the parents to support their children. *DeWalt v. DeWalt,* 365 Pa.Super. 280, 529 A.2d 508 (1987); *see also Costello v. LeNoir,* 462 Pa. 36, 337 A.2d 866 (1975). After both the children's needs and their parents disposable income is calculated, the court arrives at a support obligation. This analysis is to be accomplished pursuant to consideration of the *Melzer* formula; however, the trial court is permitted "to adjust the resulting support obligation if deviation from the formula is warranted under the particular circumstances." *DeWalt supra.* Moreover, this Court has directed that the county support guidelines (promulgated pursuant to 23 P.S. § 4322) are to be considered both in entering the original support order, and in entering any subsequent modification, as long as the county guidelines are harmonious with the caselaw. *Ryan v. De-Long,* 371 Pa.Super. 248, 538 A.2d 1 (1987); *Palmatier v. MacCartney, supra; Reitmeyer v. Reitmeyer,* 355 Pa.Super. 318, 513 A.2d 448 (1986).

The Master, after assembling the pertinent financial data, concluded that the children's reasonable and necessary expenses amounted to $198.00 weekly. This figure included,

*inter alia,* one-half of the appellant's mortgage and utility expenses, twenty percent (20%) of the costs associated with maintaining the family automobile, and annual babysitting expenses of $845.00, incurred during the hours appellant worked and was unable to be at home with her minor children. (N.T. 11/26/86 at 19).[2] The Master also found appellee's disposable income to be $425.00 weekly; that amount included appellee's new spouse's income of $104.00 weekly. Appellant's disposable income was found to be $74.00 weekly.

The court, upon review of this analysis, reduced the portion of the mortgage and household expenses attributable to the children to a one-third share, stating:

> We feel that plaintiff's testimony indicates that the children each have a bedroom and mainly use the family room and kitchen for other activities. There are other rooms in the home which are used rarely or not at all by the children. (N.T. 11/26/86 pp. 4–5.) . . . Were Plaintiff to be living on her own without the children she would in fact incur expenses similar to those she is presently incuring [sic].

(Trial Ct.Op. at 3). The court also disallowed all of the plaintiff's babysitting expenses as the court said appellant failed to "specify who provided babysitting services and for what purposes and when." (Trial Ct.Op. at 4). The court similarly disallowed any automobile expenses as they relate to the children because appellant did not detail the mileage and did not demonstrate "the necessity of any of the trips" undertaken for the children's girl scout activities, parties and visits to friends. (Trial Ct.Op. at 4). Thus, the court found the children's needs to be approximately $150.00 weekly. Finally, the court reduced the amount of appellee's disposable income of $425.00 by the amount of his spouse's income of $104.00 and arrived at a figure of $321.00 weekly. After disallowing the above expenses and income, the court

---

**2.** Appellant testified her primary babysitter was an adult neighbor; only occasionally did she resort to using the services of a neighborhood teenager. (N.T. 11/26/86 at 30–33).

did use the *Melzer* formula to calculate its support obligation of $121.00 weekly.

■ The trial court erred when it based its decision to reduce the children's expenses upon the determination that the mortgage "would have been incurred absent the presence of the children." The trial court was not called upon to speculate as to what appellant's lifestyle would or would not be if she did not have custody of her children; rather, the court was to determine what expenses or portion of expenses were reasonably attributable to the fact that she did have custody of the children. Absent evidence suggesting the home itself is unduly luxurious in light of the parties' station in life, the court's task is to determine what constitutes the reasonable household expenses appellant incurs because she does have custody of those children. *Sutliff v. Sutliff*, 515 Pa. 393, 528 A.2d 1318 (1987); *Shutter v. Reilly*, —— Pa.Super. ——, 539 A.2d 424 (1987) ("Among the bare necessities of a child's life is a home"); *Shapera v. Levitt*, 260 Pa.Super. 447, 394 A.2d 1011 (1978) (reasonable household expenses are necessarily included in a support order).

We reaffirm that in reaching the determination as to the inclusion of mortgage payments and household utilities in calculating support, the court is to be cognizant of the fact that a child's station in life is dependent at least in part upon where the child lives. *Shutter, supra.* Our courts should not erect barriers where a parent struggles to maintain the marital residence for the children's sake; otherwise, the courts would be acting to reduce the children's station in life. *Commonwealth ex rel. Stump v. Church, supra; Shank v. Shank*, 298 Pa.Super. 459, 444 A.2d 1274 (1982); *Dunbar v. Dunbar*, 291 Pa.Super. 224, 435 A.2d 879 (1981).

We find that the court abused its discretion in reducing the children's share of the expenses from one-half to one-third. The trial court's analysis involved allocating percentages to each room, corresponding to how frequently that room was used by the children. A method of calculation

dependent upon room usage is unmanageable as it requires a record-keeping process unduly burdensome to the custodial parent. *See Semasek v. Semasek*, 509 Pa. 282, 502 A.2d 109 (1985). Moreover, this method of calculation leads to the absurd result that the court could, under these facts, decide a home one-third the size of the present home could adequately maintain these children. To the contrary, it is readily apparent that while the children's necessities might be supplied, their station in life would be ignored. *See Stump, supra.* Finally, this method of calculation would require continual court supervision; as the children's use of the rooms of the house changed, the court could face repeated requests to modify the child support obligation based upon the change in circumstances implicit in the change of room usage under this method of calculation. Thus, we find it unreasonable to conclude, as the trial court did, that the needs of these children could be met by a mere one-third allocation of the household resources because they, at the time of the hearing, were using only one-third of the rooms of the house on a regular basis.

The court also erred in excluding the twenty percent (20%) of the automobile expenses suggested by appellant as the portion of car expenses reasonably attributable to the children's needs. First, the law does not impose upon a parent the burden of detailing the mileage on each trip taken on behalf of the children; in the ordinary course of daily living such detailed itineraries are not maintained. *See Semasek v. Semasek*, 331 Pa.Super. 1, 8, 479 A.2d 1047, 1051 (1984), *aff'd* 509 Pa. 282, 502 A.2d 109 (1985) (where statute gives no specific method to evaluate assets, court must rely on estimates and inventories submitted by parties). Secondly, the trips undertaken to transport the children to social activities need not be found to be a *necessity*, but rather need only be evaluated in terms of whether they are a *reasonable expense* of child-rearing considering the children's standard of living and station in life. *See Stump, supra.* Neither citation nor extended explanations are necessary to support the conclusion that supervised social

interaction in activities such as the Girl Scouts of America aid children to grow into responsible adults. Thus, we find that the trial court abused its discretion in excluding any portion of automobile expenses from its determination of appellee's reasonable support obligation.

■ Likewise, we find that the court erred in excluding the totality of the appellant's babysitting expenses. Again, it takes no citation or extended explanation to support a conclusion that the parties' seven year old child requires adult supervision before and after school, while appellant is employed. Similarly, babysitting care is a reasonable expense incurred when appellant occasionally devotes an evening to her own social life outside the home. (*See* N.T. 11/26/86 at 30–33). Even appellee concedes that babysitting is a reasonable expense of child-rearing, although he questions the exact amounts incurred herein. (*See* N.T. 11/26/86 at 47). The trial court, nonetheless, excluded *all* babysitting expenses from its calculation of appellee's support obligation. Absent proof that appellant's absences from the home are unreasonably frequent, or the costs of securing competent child care are exorbitant compared with other child care services available in the area, we find the court's failure to include a reasonable amount for babysitting expenses constituted an abuse of discretion.

■ We, however, affirm the trial court's decision not to include the income of appellee's spouse in calculating appellee's disposable income. The law is clear that the court must be aware of such income and thus must consider that income in fashioning a child support obligation. *Melzer v. Witsberger, supra; Shank v. Shank, supra.* However, the spouse is under no obligation to support her husband's children from a previous marriage. "... [W]hile her income is not available for support, its effect on the total financial status of the appellant cannot be ignored." *Palmatier v. MacCartney, supra,* 365 Pa.Superior Ct. at 305, 529 A.2d at 521. Therefore, once her income has been considered, the court may, within its discretion, choose not to include that amount when calculating what funds are

available for child support. *Commonwealth ex rel. Travitsky v. Travitzky,* 230 Pa.Super. 435, 326 A.2d 883 (1974). We cannot say the court abused its discretion in excluding appellee spouse's income of $104.00 from what had been the Master's calculations of appellee's total family disposable income of $425.00.

Accordingly, the application of the *Melzer* formulation to appellee's disposable income level of $321.00, appellant's disposable income of $74.00, and to the children's weekly needs of $198.00, as found by the Master, indicates appellee's support obligation would be approximately $161.00 weekly which is $40.00 more than the court's award.

 We agree with appellant that the trial court failed to adequately explain its *substantial* deviation from the county guidelines. *See* 23 Pa.C.S.A. § 4322. The applicable county guidelines suggest appellee's obligation should be approximately $173.00 weekly, $51.00 more than the court's award.[3] Although the county guidelines must not be mechanically applied, if the guidelines are in accord with *Melzer,* then the appropriate amount under the guidelines must be determined and used by the court as a framework for its decision. While the court did utilize the *Melzer* formula, the data it used in that formula to arrive at a figure of $121.00 was in error. (See discussion, *supra*). In this case, we note that the suggested guideline amount of $173.00, and the *Melzer* formula amount of $161.00 as calculated *supra* are substantially in accord.[4] *Ryan v. DeLong, supra; Riess v. DeLuca,* 353 Pa.Super. 622, 510

---

**3.** Northampton County guidelines are based upon a formula indexed to weekly net earnings of both parents, if both work, or of one parent if the custodial parent does not work. The guideline charts are also indexed to the number of children to be supported. This method "eschew[s] establishment of specified numerical amounts" and instead sets "an idealized figure based upon the income of the parents." *Ryan, supra.* This figure is to be used as a guideline only, and is not binding upon the court, hence it is presumptively valid. *Ryan, supra.*

**4.** The amount of deviation between the guideline amount and the *Melzer* formula figures is approximately $624.00 annually, whereas the amount of deviation between the trial court's award and the guideline amount is $2,704.00 annually.

A.2d 1239 (1986); *Shutter supra.* Therefore, where, as here, there is a substantial deviation of the trial court award from the county guideline as well as from the *Melzer* formula, a reasonable explanation for the deviation is required. The absence of such a reasonable explanation in the instant case supports our conclusion that the trial court abused its discretion in disallowing necessary and reasonable expenses of child-rearing.

Accordingly, we vacate the order of the court entered April 29, 1987 and remand for determination of support in conformance with this opinion. Jurisdiction is relinquished.