568 A.2d 250

Jan Crockett MOORE, Appellee,

v.

Gary J. MOORE, Appellant.

Jan Crockett MOORE, Appellant,

v.

Gary J. MOORE, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 19, 1989.

Filed Jan. 5, 1990.

Kenneth L. Baker, Washington, for appellant (at 430) and appellee (at 375).

Before McEWEN, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of Washington County awarding appellant, Jan Moore, child support of $300.00 per month. Appellee, Gary Moore, filed a timely appeal to this court on March 6, 1989, and appellant filed a timely cross-appeal on March 10, 1989 [1]. For the reasons set forth herein, we dismiss appellee's appeal, vacate the awarded support and remand for proceedings consistent with this opinion.

Appellant has raised several issues for our review. Initially, appellant argues that the Washington County Support Guidelines fail to comply with *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). Appellant also contends that the trial court failed to make proper application of *Melzer* in the instant case. Additionally, appellant alleges that the child support was inadequate in light of appellee's paramour's household contribution. Next, appellant claims that the lower court erred in allocating to each party one (1) income tax deduction, since neither party raised the issue. Finally, appellant believes that the court erred by failing to

---

**1.** Pursuant to Pa.R.A.P. 2136, 42 Pa.C.S.A., Jan Moore is deemed the appellant for this consolidation of appeal and cross-appeal, due to her status as plaintiff below.

direct appellee to pay one-half (½) of medical and orthodontic expenses subject to appellant's insurer paying one-half (½).

The record reveals that appellant filed a complaint for support of the parties two (2) daughters, ages nine (9) and five (5), on September 7, 1988. On October 29, 1988, after a conciliation and support hearing, a provisional assessment of $175.00 was entered. Additionally, appellee was to provide medical and hospital coverage and pay one-half of dental or medical expenses not covered by insurance. Both parties filed an appeal of the provisional assessment.

A hearing was held on February 6, 1989. Appellant testified to having a net income of $2,080.00 and net expenses of $2,468.00 per month. Appellant's child care expenses for her five year-old amounts to $2,880 each year, increasing to $3480.00 during the nine year-old's summer vacation. By comparison, appellee earns a net monthly income of $1300.00, excluding monies earned working at his parents' farm and construction work done at a local school. The record does not contain a definitive amount of appellee's monthly expenses, though the figure appears to be over $1,200. Also, the record fails to reveal the type of compensation appellee receives working his parents' farm, though he received $10,000 in 1987.

The record indicates that appellee will be receiving pay raises totaling $6,000.00 over the next three (3) years. Appellant is a salaried employee with no raise expected in the near future. At the hearing's conclusion, the Honorable David L. Gilmore entered an order setting the reasonable needs of the children at $700.00 per month. Judge Gilmore ordered appellee to pay $300.00 for support and directed each parent to claim one (1) child as an income tax deduction.

Appellee filed a timely appeal to this court on March 6, 1989. Appellant filed her appeal on March 10, 1989. Appellee failed to file an appellate brief and on September 1, 1989, appellant filed a motion to dismiss appellee's appeal.

■ Initially, we will address appellant's motion to dismiss. We agree that appellee's appeal should be dismissed due to violation of Pa.R.A.P. 2188, 42 PaC.S.A., which states:

**Rule 2188.  Consequence of Failure To File Brief and Reproduced Records**

If an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter.  If an appellee fails to file his brief within the time prescribed by these rules, or within the time as extended, he will not be heard at oral argument except by permission of the court.

Instantly, appellee did not file a brief in support of his appeal or an answer to appellant's cross-appeal.  Appellee's status does not change this determination.  When a cross-appeal is filed, the party filing the cross-appeal is designated as the appellant for the purposes of the appeals.  Pa.R. A.P. 2136, 42 Pa.C.S.A.  This does not relieve appellee from submitting a brief for his appeal or answering appellant's cross-appeal brief.  Therefore, we grant appellant's motion to dismiss appellee's appeal [2].

■ While appellant has raised many issues, we, however, remand to the lower court without addressing these issues.  Two weeks after this case was argued, the Pennsylvania Supreme Court amended the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. 1910.16–1, et seq., 42 Pa.C.S.A., effective September 30, 1989, adopting uniform support guidelines.  In the instant case, the appeal and cross-appeal were filed prior to the effective date of the adoption of the uniform support guidelines.  This court has applied new or amended rules to actions commenced prior to the effective

---

**2.** This court excluded appellee from oral argument in Pittsburgh on September 19, 1989.  Pa.R.A.P. 2188, 42 Pa.C.S.A., allows appellee to be excluded from argument when no responsive brief is filed.

date of the adoption or amendment of the rule. *See, Joseph Palermo Development Corp. v. Thomas Bowers,* 388 Pa. Super. 49, 564 A.2d 996 (1989).

There exists a need for support order uniformity, the guidelines' end. The guidelines will be used for support determination throughout the Commonwealth, including Washington County. We anticipate ensuing confusion if the instant issues were decided by outdated methods. Future petitions for support modification will be addressed by the newly adopted uniform support guidelines, and we hesitate to address current issues which may be resolved by the new guidelines.

If we decided the issues raised on appeal, we are confident that one of the parties would seek an immediate modification based upon the new support guidelines. In the interest of judicial economy, we believe that the lower court should have the opportunity to address and apply the new guidelines. The lower court may wish to take further testimony as to any change of circumstance which would influence support. Future appeals, following the lower court's redetermination of support, would not be prohibited. We believe that the best interest of the parties is to remand and allow the lower court to apply the uniform support guidelines.

Due to the pendency of this case during the adoption of the uniform support guidelines, the need for uniformity, and anticipated future modification of any order entered prior to the adoption of the uniform support guidelines, we dismiss appellee's appeal, vacate the support order and remand to the lower court for application of the guidelines to this case. Judicial economy and the best interest of the parties is most effectively served by this order.

Appeal dismissed, support order vacated, remanded, jurisdiction relinquished.

MONTGOMERY, J., concurs in the result.