572 A.2d 780

Patricia LESKO

v.

**Nicholas LESKO, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1989.

Filed April 6, 1990.

Barbara J. Shah, Bethel Park, for appellant.

Alison G. Baumann, Pittsburgh, for appellee.

Before CIRILLO, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order dated February 16, 1989, denying appellant's petition to modify child support payments. Appellant contends that the trial court abused its discretion in (1) incorrectly determining appellee's available income for child support under the *Melzer* formula, (2) disregarding the Washington County support guidelines when determining the amount of child support, and (3) holding that appellant was responsible for one-half of the children's dental and medical expenses, and orthodontic expenses, and ordering arrearages as related to these expenses. For the reasons that follow, we vacate the order below and remand for proceedings consistent with this opinion.

Appellant Nicholas Lesko and appellee Patricia Lesko were married on November 22, 1974, separated in April of 1984, and divorced in July of 1988. The two children born of this marriage reside with appellee who remarried in the fall of 1988.

On September 4, 1985, pursuant to a complaint for support filed by appellee, the court entered an order directing appellant to pay $300.00 a month in child support, $50.00 a month in spousal support, and one-half the tuition cost of parochial school for the two children. On October 1, 1987, appellant filed a petition to decrease child support, and, in response, on February 17, 1988, appellee filed a petition for increase in child support. Subsequently, a conference was held in the Domestic Relations Office, which resulted in a provisional assessment and Rule to Show Cause entered on September 6, 1988. The Rule directed appellee to show cause why the provisional assessment for appellant to pay $180.00 a month in child support and to pay one-half of the children's parochial school expenses and medical and dental costs, should not become an order of the court. Upon receipt of the provisional assessment, appellant, who was current in his payments, began paying $230.00 a month. On December 19, 1988, a hearing *de novo* was held on the petitions at appellee's request, and on February 16, 1989,

the court issued a Memorandum and Order finding that appellee's net income was $1700.00 a month, appellant's net income was $1550.00 a month and the reasonable needs of the children including parochial school tuition was $625.00 a month. The court then ordered appellant to pay $300.00 a month in child support and $50.00 a month towards arrearages which included $690.00 in arrearages on parochial school tuition, and $750.00 in arrearages for dental costs. The court also allowed each party to claim one child as a deduction for income tax purposes. Appellant filed a petition for modification, and on May 12, 1989, the petition was denied. This appeal followed.

■■■■ Initially, we note that our standard of review regarding support orders is a narrow one. A trial court has broad discretion concerning support payments and we will not reverse its decision unless there is insufficient evidence to sustain it or the trial court abused its discretion in fashioning the award. *Funk v. Funk*, 376 Pa.Super. 76, 82, 545 A.2d 326, 329 (1988); *Lampa v. Lampa*, 371 Pa.Super. 1, 6, 537 A.2d 350, 353 (1988). More than mere error of judgment is required; discretion is abused only if the law is overridden or misapplied or the judgment exercised is manifestly unreasonable. *Lampa v. Lampa, supra; see also Akers v. Akers*, 373 Pa.Super. 1, 540 A.2d 269 (1988).

Appellant first alleges that the trial court abused its discretion when determining child support payments because it failed to take into consideration the *Melzer* guidelines when calculating appellee's available income. Appellant makes three specific arguments in this regard. First, appellant argues that the trial court erred by excluding from consideration the income of appellee's present spouse which, he maintains, helps defray appellee's expenses and thereby increases the percentage of her income available for child support. Second, appellant argues that the court's decision to exclude appellee's voluntary contributions to her 401K plan from her income was unreasonable. Third, ap-

pellant claims that the court erred in finding appellee's
$554.00 a month automobile expense reasonable.[1]

In *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991
(1984), our Supreme Court created a uniform set of guide-
lines for the calculation of child support. In calculating the
support obligations of the parents under *Melzer*, the court
must first determine and set forth on the record the reason-
able needs of the child. *Lampa v. Lampa, supra.* A
child's reasonable needs however, are not limited to the
bare necessities, but may reflect a reasonable standard of
living. *DeWalt v. DeWalt*, 365 Pa.Super. 280, 284, 529 A.2d
508, 510 (1987). The court then must determine the respec-
tive financial capabilities of the parents to support their
child. *Id.* To arrive at this amount, the court must make
allowances for the parents' reasonable living expenses and
then calculate each parent's net income or earning capacity.
*Steinmetz v. Steinmetz*, 381 Pa.Super. 440, 444, 554 A.2d
83, 85 (1989). In addition, the court must look beyond the
parents' actual earnings and consider the full value and
extent of the parties' financial resources and ability to pay
support. *Id.* When the court arrives at a figure for both
the children's needs and their parents' disposable income,
the court then computes a support obligation.

In order adequately to address appellant's conten-
tions, this court would have to review the trial court's
analysis with respect to the support obligations. Unfortu-
nately, a review of the record reveals little indication of
what factors the trial court took into consideration in for-
mulating its support petition. In fact, although the record
contains the court's conclusion regarding the reasonable
living expenses of the children and the parties' available
incomes, there is no explanation regarding how the court
arrived at its figures. Appellee proffers a *de facto* justifi-
cation for the court's calculations and thereby suggests that

1. In a related argument, appellant maintains that the trial court erred
in overruling his objection to appellee's testimony about her medical
condition which prevented her from taking the bus, and thereby
increased her monthly automobile expenses.

the court's failure to articulate its calculations may be overlooked. *We will not engage in such speculation.* As we noted in *Funk v. Funk, supra:*

> The central issue in a support adjudication is the "children's reasonable living expenses," and the lower court's determination of the children's living expenses does not appear on the record. Clearly, the lower court cannot fully protect the best interest of the children without first determining the reasonable needs. Further, the lower court failed to calculate on-the-record the appellant's reasonable living expenses which is also of primary importance in a child support proceeding. We find that the lower court abused its discretion when it failed to follow the mandate of *Melzer, supra,* and inadequately explained on-the-record the reasons for its decision. Moreover, in *Ryan* [*v. DeLong,* 371 Pa.Super. 248, 254, 538 A.2d 1, 4 (1987)], and *Marshall* [*v. Ross,* 373 Pa.Super. 235, 540 A.2d 954 (1988)], we expressly stated that: "To insure that an actual dollar figure is determined as to the reasonable needs and expenses of the parents and children, the calculated *Melzer* formula must be in the record".

*Id.* at 83–84, 545 A.2d at 330.[2] Because these determinations are of the utmost importance in support cases, we find that the trial court abused its discretion in failing to state, on the record, its calculations concerning appellee's income, and also its calculations for the children's reasonable living expenses and the parties' available income. Accordingly, on remand, the court should explain on the record its calculations regarding these factors as required by *Melzer.*

■ Appellant also contends that the trial court abused its discretion because it failed to take into consideration the Washington County guidelines when determining child sup-

---

**2.** Although this Court has recognized circumstances where the *Melzer* formula need not be made part of the record, *see, e.g., Griffin v. Griffin,* 384 Pa.Super. 188, 558 A.2d 75 (1989) (wife had no income to calculate *Melzer* formula); *Olson v. Olson,* 384 Pa.Super. 224, 558 A.2d 93 (1989) (intentional failure to provide accurate income information for *Melzer* formula), such circumstances are not present here.

port payments.   In this case, the record is devoid of any indication that the Washington County support guidelines were considered, and there was no explanation given for the deviation therefrom.   Ordinarily we would remand in order for the trial court to recalculate appellant's support obligations in light of the county guidelines. *See, e.g., Lampa v. Lampa,* 371 Pa.Super. 1, 537 A.2d 350 (1988).   Recently, however, our Supreme Court amended the Pennsylvania Rules of Civil Procedure, *see* Pa.R.C.P. § 1910.16.1, *et seq.,* and adopted a uniform set of support guidelines for the state of Pennsylvania.   Moreover, in *Moore v. Moore,* 390 Pa.Super. 174, 568 A.2d 250 (1990), this Court held that the uniform guidelines should be given retroactive application to all cases pending on appeal.   *Id.,* 390 Pa.Superior Ct. at 178, 568 A.2d at 252.   Thus, on remand, in fashioning a support award, the trial court should look not only to the *Melzer* formula, but also to the newly promulgated uniform support guidelines, along with a consideration of the particular circumstances of this case.   *Moore v. Moore, supra; Marshall v. Ross,* 373 Pa.Super. 235, 239, 540 A.2d 954, 956 (1988).

■   Appellant finally contends that the trial court abused its discretion in setting arrearages at $750.00 for orthodontic expenses and $690.00 for parochial school expenses, which represents one-half of the supposed cost of each. Initially, we should note that, after carefully reviewing the record and the briefs of the parties, we cannot conclude that the trial court abused its discretion in enforcing its prior orders, requiring appellant to pay one-half of these expenses. *See* Order, September 4, 1985;   Order, September 6, 1988; *see also* 23 Pa.C.S.A § 4324.[3]   Moreover, we note

---

**3.**  Section 4324, relating to inclusion of medical support, states in relevant part:

> In addition to periodic support payments, the court may require that an obligor pay a designated percentage of a child's ... reasonable and necessary health care expenses.  If health care coverage is available through an obligor or obligee at no cost as a benefit of employment or at a reasonable cost, the court shall order an obligor or obligee to provide or extend health care coverage to a child....  Upon failure of the obligor to make this payment or reimburse the

that appellant failed to challenge the September 4, 1985 order requiring him to pay one-half of the parochial school expenses and, in fact, at the hearing held on December 21, 1988, appellant volunteered to pay one-half of the expenses for parochial school if he had actual proof of the amounts paid.

■ Although the court did not err in finding that appellant is obligated to pay one-half of these expenses, there remains some difficulty with the court's calculation of the amount of the arrearages. Once again, the record before us reveals little indication of the factual basis for the court's determination of the amount of arrearages. Appellee included as part of the children's reasonable living expenses a $162.00 per month parochial school expense and an $1800.00 orthodontic expense. However, she failed to offer any additional proof in the way of receipts, or cancelled checks, to substantiate how much money was expended for the children's tuition, clothes and books, and medical care. Further, appellant testified that he had requested, but not received, proof from appellee as to these expenses and that he did not know where his children were attending school in order to verify these costs. The court, nonetheless held, without explanation, that appellant was $690.00 in arrearages due to the children's parochial school costs. In addition, the basis for the court's fixing the son's orthodontic expense is not apparent on the face of the record. The only evidence presented as to the cost of the son's dental work was the expense sheet submitted by appellee which stated that the amount expended was $1800.00. Despite this fact, the court held that the son's orthodontic expenses totalled $1500.00, and ordered appellant to pay one-half or $750.00. *See* 23 Pa.C.S.A. § 4324. In light of the difficulty in determining the basis for the court's calculation of arrearages, we direct the trial court to compute, on remand, the amount that appellee actually

custodial parent ... and after compliance with procedural due process requirement, the court shall treat the amount as arrearages. *Id.*

spent on parochial school and orthodontic care for her children and the corresponding amount of arrearages appellant owes.

In conclusion, we find that that the trial court abused its discretion in determining the parties' child support obligations. The court failed to utilize the *Melzer* formula as a framework in determining child support, and failed to adequately explain on the record its reasons for its findings regarding appellee's available income, the actual monies expended for parochial school, and orthodontic expenses. Consequently, we must vacate the order and remand to the trial court for recomputation of the support award in accordance with *Melzer*, the newly promulgated uniform support guidelines and this opinion.

Vacated and remanded. Jurisdiction relinquished.