583 A.2d 823

**Joan CAPLAN**

v.

**Bruce CAPLAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 28, 1990.

Filed Dec. 27, 1990.

David S. Rasner, Philadelphia, for appellant.

Joan Caplan, pro se.

Before OLSZEWSKI, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

This is an appeal from the Order of March 20, 1990 dismissing the exceptions of appellant Bruce M. Caplan to the Master's recommendations, and ordering appellant to pay $280 per week for the support of his two children and $75 per week for the support of his wife. The Order further required appellant to pay $50 per week toward arrearages, two-thirds of the mortgage obligation per month and 75 per cent of unreimbursed medical and dental expenses. Appellant contends the trial court abused its discretion in: (1) failing to provide a hearing *de novo* upon appellant's exceptions to the Master's recommendations; (2) failing to make the mandatory *Melzer*[1] and support guideline calculations; (3) failing to apply the new mandatory Uniform Support Guidelines; and (4) improperly calculating appellant's and appellee's income. For the reasons set forth herein, we vacate the ordered support and remand for proceedings consistent with this memorandum.

Appellant Bruce M. Caplan and appellee Joan Rebecca Caplan were married on April 12, 1978 and separated in June, 1987. The parties are the parents of two minor children, who reside with appellee in the marital home.

Appellee filed a complaint for support on December 7, 1988. A hearing was held before a Master on September 29, 1989, and on October 25, 1989, appellant filed exceptions to the Master's recommendations and requested a hearing *de novo*. A hearing on appellant's exceptions to the Master's report was held on March 13, 1990 before the Honorable Richard S. Lowe. On March 20, 1990, the court dismissed appellant's exceptions to the Master's recommendations and adopted the Master's recommendations *in toto*, as set forth above.[2]

---

1. *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984).
2. The Rules of Civil Procedure, Actions for Support, Rule 1910.11, 1910.12 provide for alternative expedited processes for determination of support by a domestic relations officer and a permanent hearing officer. The rules also provide for a judicial determination upon a hearing *de novo* or upon a hearing on exceptions. This case came to the trial court on exceptions from the Master's report following which

██ As an initial matter, we note that this Court's standard of review for claims concerning support Orders is a narrow one.

> A trial court has broad discretion concerning support payments and we will not reverse its decision unless there is insufficient evidence to sustain it or the trial court abused its discretion in fashioning the award. *Funk v. Funk*, 376 Pa.Super. 76, 82, 545 A.2d 326, 329 (1988); *Lampa v. Lampa*, 371 Pa.Super. 1, 6, 537 A.2d 350, 353 (1988). More than mere error of judgment is required, discretion is abused only if the law is overridden or misapplied or the judgment exercised is manifestly unreasonable. *Lampa v. Lampa, supra; see also Akers v. Akers*, 373 Pa.Super. 1, 540 A.2d 269 (1988).

*Lesko v. Lesko*, 392 Pa.Super. 240, 243, 572 A.2d 780, 782 (1990).

██ Appellant argues the trial court failed to provide him, "in substance, with a hearing *de novo*, in accordance with the Pennsylvania Rules of Civil Procedure because it relied upon the Master's report and therefore failed to provide an independent calculation for its award of support." (Brief of appellant at p. 11.) In *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984), the Supreme Court established a formula for the calculation of child support. In calculating the support obligations of the parents under *Melzer*, the trial court must first determine and set forth on the record the reasonable needs of the child. *Lesko, supra; Lampa, supra*. The calculated *Melzer* formula must be made part of the record to insure that a specific monetary figure is determined as to the reasonable needs and expenses of the parents and children. *Racciato v. Racciato*, 393 Pa.Super. 307, 574 A.2d 625 (1990). Recent case law, however, has excepted two situations from the requirement of an on-the-record *Melzer* calculation: (1) where wife had

the court took extensive testimony. While it could not be construed a hearing *de novo* since the court also relied on the record made by the Master, the court did create a more extended record from which an appropriate Order could be made. We do not believe the procedure followed by the court violated the rules cited above.

no income to calculate *Melzer* formula, *Griffin v. Griffin,* 384 Pa.Super. 188, 558 A.2d 75 (1989); or (2) where there is an intentional failure by a party to provide accurate income information for the *Melzer* formula, *Olson v. Olson,* 384 Pa.Super. 224, 558 A.2d 93 (1989). Neither exception is applicable instantly. While the trial court stated the Master made all calculations and findings necessary under *Melzer,* the trial court did not set forth its own *Melzer* calculations, and the Master's findings and recommendations made part of the record do not disclose any *Melzer* calculations. Thus, we find the trial court abused its discretion in failing to follow the mandate of *Melzer* and its progeny in adopting the Master's recommendations without independent on-the-record discussion of its reasons for doing so. Accordingly, on remand, the trial court should set forth on the record the required *Melzer* calculations.

■ Appellant also argues the trial court erred in failing to apply the mandatory uniform support guidelines adopted by the Supreme Court, effective September 30, 1989. Pa.R. C.P. 1910.16–1, *et seq.,* 42 Pa.C.S.A. We agree. The trial court stated:

Defendant is not entitled to have the September 30, 1989 guidelines applied to this controversy. The Master's Findings and Recommendations were made prior to the effective date of the new guidelines. The Master and this Court were required to make all calculations, findings, and recommendations according to the guidelines in effect prior to September 30, 1989.

(Slip Op., Lowe, J., 5/2/90, pp. 1–2.)

In a recent case dealing with appeals of a child support Order, which appeals were filed prior to the effective date of the adoption of the uniform support guidelines, this Court vacated the support Order and remanded the case to the trial court for retroactive application of the new guidelines. *Moore v. Moore,* 390 Pa.Super. 174, 568 A.2d 250 (1990). The Court found support for its decision in a previous holding that "applied new or amended rules to actions commenced prior to the effective date of the adop-

tion or amendment of the rule. *See, Joseph Palermo Development Corp. v. Thomas Bowers*, 388 Pa.Super. 49, 564 A.2d 996 (1989)." *Id.*, 390 Pa.Superior Ct. at 177–78, 568 A.2d at 252. The Court in *Moore* found such an application in a pending case most effectively served judicial economy and the best interest of the parties. Therefore, on remand, the trial court should consider not only the *Melzer* formula, but also the new uniform support guidelines, as well as the particular circumstances of this case, in determining a support award. *Lesko, supra; Moore, supra.*

Given our foregoing disposition of the issues, we do not address appellant's argument that the trial court erred in the attribution and calculation of the parties' incomes. We recognize these are areas within the broad discretion of the trial court, provided with sufficient evidence to make a determination. We vacate the support Order and remand to ensure the trial court has before it the necessary implements, namely, the *Melzer* formula and the new uniform support guidelines, to exercise properly its broad discretion in fashioning a support award.[3]

Vacated and remanded for proceedings consistent with this Opinion.

Jurisdiction relinquished.

---

**3.** Appellant also argues the trial court erred in ordering appellant to pay two-thirds of the mortgage payment on the marital residence. Under the new uniform support guidelines, it is assumed "that the spouse occupying the marital residence will be solely responsible for the mortgage payment ... unless there are unusual circumstances such as an unusually high mortgage payment." Pa.R.C.P. 1910.16–5(f). Resolution of this issue undoubtedly will be accomplished by the trial court on remand.