J-S22033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| T.M.B., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| B.S.W. | |
| Appellant | No. 1248 MDA 2016 |

Appeal from the Order Entered June 29, 2016
in the Court of Common Pleas of Dauphin County
Domestic Relations at Nos.: 1280 DR 2009
PACSES No. 817110975

BEFORE: SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 08, 2017**

Appellant, B.S.W. (Father), appeals from the trial court's child support order assigning T.M.B. (Mother) a part-time earning capacity for the period of August 26, 2015 through January 3, 2016, and giving her a credit for the cost of child care. We modify in part, vacate in part, and remand.

The parties are familiar with the complex history of this case, and therefore, we will not exhaustively repeat it here. However, for the ease of the reader's review, we provide the following relevant background, which we take from the trial court's September 29, 2016 opinion and our independent review of the certified record.

---

[*] Retired Senior Judge assigned to the Superior Court.

Father and Mother married in 2009 and separated in 2012. The parties have two children (Children), born in July 2006 and September 2008, of whom they share fifty/fifty custody. Mother filed a complaint seeking child and spousal support in 2009, which she subsequently withdrew. She again filed the complaint in 2012. On August 19, 2013, the trial court ordered that Father pay child and spousal support, and arrears effective April 1, 2013. Spousal support was terminated effective October 1, 2013.

On September 4, 2014, Mother filed a petition for modification because her diagnosis with stage four metastatic breast cancer rendered her unable to work. At the December 2014 support conference, the parties agreed that Mother's earning capacity should be set at $25,000.00 annual gross salary for the period of time when she was not suffering from health issues. Therefore, Mother was assigned an earning capacity of zero from September through December 2014, and then the agreed-upon $25,000.00 for the period after that.

On August 26, 2015, Mother filed another petition for modification on the bases that: (1) Father was no longer entitled to a child care credit because the youngest child was no longer in daycare; (2) Mother was now providing health insurance for the Children; (3) there was no child support order for Father's child from a different marriage; (4) Father's tax returns were inaccurate; (5) Mother's earning capacity should be zero because of her medical condition; and (6) Father's failure to pay child support pursuant

to the December 23, 2014 order's terms. (**See** Petition for Modification of Support Order, 8/26/15, at attachment).

At a December 23, 2015 office conference, Mother submitted a letter from her employer stating that she began working twelve hours per week on December 8, 2015, and was earning fifteen dollars per hour. Mother produced current year-to-date pay stubs and 2014 tax return information. However, although she presented a letter from her doctor stating that she only could work four hours per day, she did not submit a physician verification form.[1] Father provided Mother with 2013 and 2014 tax returns, estimates of 2015 earnings, and receipts for expenditures. On February 16, 2016, Mother was assigned a gross annual earning capacity of $9,385.68, and Father was ordered to pay child support and arrears.

_____

[1] Pennsylvania Rule of Civil Procedure 1910.29 provides, in pertinent part:

> In a non-record hearing, if a physician has determined that a medical condition affects a party's ability to earn income and that party obtains a Physician Verification Form from the domestic relations section, has it completed by the party's physician and submits it at the conference, it may be considered by the conference officer. . . .
>
> . . . If the matter proceeds to a record hearing and the party wishes to introduce the completed Physician Verification Form into evidence, he or she must serve the form on the other party not later than [twenty] days after the conference. . . .

Pa.R.C.P. 1910.29(b)(1)-(2).

The same day, Mother filed for a *de novo* review of the domestic relations hearing on the basis of a lack of documentation to support Father's income. (*See* Trial Court Opinion, 9/29/16, at 3). The court held *de novo* hearings on April 5, 2016 and May 27, 2016. (*See id.*). At the May 27, 2016 hearing, Father provided Mother with a Schedule C that he filed with his 2015 state and local tax returns as evidence of his income. (*See id.*). He argued that Mother should be held to a full-time earning capacity at the agreed upon yearly gross rate of $25,000.00 for August 26, 2015 through January 3, 2016, because she failed to provide a physician verification form evidencing that her continued medical issues precluded her from working, (*see id.* at 4), and because her paystubs reflect that she was earning more than the income assigned. (*See* N.T. Hearing, 4/05/16, at 17). Mother testified that there is no longer any medical reason rendering her unable to work full-time, and has been employed part-time since January 4, 2016, from approximately 10:00 a.m. to 2:00 p.m., five days per week. (*See id.* at 37-38, 50). She did not request a credit for child care or provide any evidence in support of same.

On June 29, 2016, the trial court entered an order that, in pertinent part, assigned to Mother a gross yearly earning capacity of $9,385.68 from August 25, 2015 through January 3, 2016. Beginning on January 4, 2016, Mother was held to a full-time earning capacity of $31,200.00, which is fifteen dollars ($15.00) per hour at forty hours per week. The court gave the parties equal credit for child care costs because they share fifty/fifty

- 4 -

custody of the Children, and both were assigned full-time earning capacies as of January 4, 2016.[2]  Father timely appealed on July 28, 2016.[3]

Father raises the following issues for this Court's review:

> 1.    Did the [trial] court err when it calculated [Mother's] earning capacity from August 26, 2015 through January 3, 2016?
>
> 2.    Did the [trial] court err when it gave Mother credit for child care expenses beginning January 4, 2016 when no evidence was presented of child care expenses by Mother?

(Father's Brief, at 4) (unnecessary capitalization omitted).

Our standard of review in child support cases is well-settled:

> Appellate review of support matters is governed by an abuse of discretion standard.  When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground.  An abuse of discretion is [n]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record.  The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

_____

[2] Also in the June 29, 2016 order, Father was directed to pay child support. In a July 18, 2016 order, the court amended the payment amount. However, the June 29, 2016 order remained the same in all other respects and the change is not pertinent to our review.

[3] On September 6, 2016, Father filed a timely statement of errors complained of on appeal, pursuant to the trial court's order.  On September 29, 2016, the court filed an opinion.  *See* Pa.R.A.P. 1925.

***J.P.D. v. W.E.D.***, 114 A.3d 887, 889 (Pa. Super. 2015), *appeal denied*, 130 A.3d 1290 (Pa. 2015) (citation omitted). An abuse of discretion "will be found where there is insufficient evidence to sustain the award or where the law is overridden or misapplied." ***Lampa v. Lampa***, 537 A.2d 350, 352 (Pa. Super. 1988) (citation omitted).

Here, in his first issue, Father argues that the trial court erred in calculating Mother's yearly earning capacity for the period of August 26, 2015 through January 3, 2016, where it should have been set at the agreed-upon amount of $25,000.00 gross per year. (***See*** Father's Brief, at 12). Both the trial court and Mother agree. (***See*** Trial Ct. Op., at 9; Mother's Brief, at 3-4). The record supports this understanding. Therefore, as requested by the trial court, (***see*** Trial Ct. Op., at 11), we modify its child support order to set Mother's yearly gross earning capacity for the period of August 26, 2015 through January 3, 2016, at $25,000.00.

In Father's second issue, he argues that "the [trial] court erred when it gave Mother credit for child care expenses beginning January 4, 2016 when no evidence was presented of child care expenses by Mother." (Father's Brief, at 12) (emphasis and unnecessary capitalization omitted). We are constrained to agree.

> An award of support, once in effect, may be modified *via* petition at any time, provided that the petitioning party demonstrates a material and substantial change in their circumstances warranting a modification. ***See*** 23 Pa.C.S.A. § 4352(a); ***see also*** Pa.R.C.P. 1910.19. The burden of demonstrating a material and substantial change rests with the moving party, and

the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion.

***Plunkard v. McConnell***, 962 A.2d 1227, 1229 (Pa. Super. 2008), *appeal denied*, 980 A.2d 111 (Pa. 2009) (case citation and quotation marks omitted).

Here, the trial court modified the support order by awarding Mother a credit for child care expenses equal to the amount granted to Father on the basis that it was assigning her a full time earning capacity and "it is a general assumption that a parent who is employed full-time will incur child care costs." (Trial Ct. Op., at 10). We are constrained to conclude that this was an abuse of discretion.

Mother requested the *de novo* hearing because of the insufficient evidence of income Father provided at the support conference. She did not, and indeed could not, assert that there was a material change in her employment circumstances warranting a modification in the form of a credit for child care because no such situation existed. At the hearing, Mother testified that there was no longer any medical reason rendering her unable to work full-time, but she only had been working approximately four hours per day since January 4, 2016. (***See*** N.T. Hearing, 4/05/16, at 37-38, 50). Mother did not testify or provide any evidence that she is working full-time, is actively attempting to work full-time, is incurring any child care costs, or that she will be sustaining them. (***See id.*** at 31-45).

- 7 -

Hence, "there is insufficient evidence to sustain the award." *Lampa*, *supra* at 352 (citation omitted). The trial court abused it discretion in modifying the support order to provide Mother with a child care credit where there was no material change in circumstance to justify doing so.[4] *See J.P.D.*, *supra* at 889.

Accordingly, we vacate that portion of the order that credits Mother for child care costs, and remand for the recalculation of the child support order consistent with our decision; and we modify the court's order to reflect Mother's gross yearly earning capacity of $25,000.00 for the period of August 26, 2015 through January 3, 2016.

Order modified in part, vacated in part, and remanded. Jurisdiction relinquished.

Judge Moulton joins the Memorandum.

Judge Shogan files a Concurring and Dissenting Memorandum.

_____

[4] The trial court's assumption that Mother will incur child care costs if she returns to work full-time is merely speculative at this time. Only should a material and substantial change in circumstances occur wherein Mother realizes child care costs because of her employment would she then be entitled to file a petition for modification on those grounds. *See Plunkard*, *supra* at 1229.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/8/2017