J-S48042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| Y.V.K., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| V.S.K., | |
| Appellee | No. 540 MDA 2017 |

Appeal from the Order Entered March 6, 2017
in the Court of Common Pleas of Cumberland County
Domestic Relations at No.: 384 S 2016
PACSES No. 946115925

BEFORE: OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:           **FILED SEPTEMBER 19, 2017**

Appellant, Y.V.K. (Mother), appeals *pro se* from the trial court's child and spousal support order, which adopted the recommendation of the support master and set forth the child and spousal support owed by V.S.K. (Father).[1]   Specifically, Mother challenges the court's determination of Father's net income.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Mother challenges the court's order for child and spousal support, spousal support orders are interlocutory and not appealable when entered during the pendency of divorce claims.  **See Leister v. Leister**, 684 A.2d 192, 193 (Pa. Super. 1996) (*en banc*); **see also Capuano v. Capuano**, 823 A.2d 995, 998 (Pa. Super. 2003) ("[During the pendency of a divorce action,] the portion of a trial court order attributable to child support is final and immediately appealable; however, the portion of an order allocated to spousal support is interlocutory.") (citations omitted).  Accordingly, the trial court's March 6, 2017 order is appealable only as it relates to child support.

We take the factual and procedural history in this matter from the trial court's April 19, 2017 opinion, and our independent review of the certified record. Mother and Father were married in March 2006, and are the parents of two children, M.V.K., born in December 2006, and J.V.K., born in June 2008. Mother is the primary custodian of the children. The parties separated on April 29, 2016. On May 12, 2016, Mother filed a complaint seeking both child and spousal support. The court appointed a support master, who conducted a hearing *de novo* on August 26, 2016.

At the hearing, the parties stipulated that Mother's monthly gross income was $3,068.28. (*See* N.T. Hearing, 8/26/16, at 5). Mother testified that she is the primary custodian of the children; however, they spend three nights out of every two weeks with Father. (*See id.* at 6-7). She explained that she hired her mother (Maternal Grandmother) to watch the children before and after school at a rate of $500.00 per week while she worked.[2] (*See id.* at 11, 15).

Father testified that he works for The CSI Companies, Inc. (CSI), as a consultant and makes ninety dollars an hour and works forty hours per week; he does not receive overtime. (*See id.* at 35). Father introduced

_____

[2] Mother commutes from Mechanicsburg, Pennsylvania, to Harrisburg, Pennsylvania where she works from 8:00 a.m. to 4:00 p.m., Monday through Friday. (*See* N.T. Hearing, at 15-16). The children get on the bus to go to school at 8:00 a.m. and get off the bus after school at 4:05 p.m. (*See id.* at 26-27). Maternal Grandmother is paid to watch the children from 7:00 a.m. to 5:00 p.m. (*See id.*).

both his pay stub and travel reimbursement. (*See id.*). He explained that CSI reimburses his out-of-pocket expenses that he pays to travel to the client's site. (*See id.*). Additionally, CSI pays him a set *per diem* rate of fifty-six dollars per day for meals while he is traveling. (*See id.* at 35-36). Father also testified that, prior to the parties' separation, they had planned on using a before and after school childcare program offered at the children's school, which cost $670.00 per month. (*See id.* at 40).

On September 15, 2016, the master issued a report and recommendations with respect to Mother's complaint for support. The master calculated that Father's gross annual income, taking into account both his salary and *per diem* pay, is $198,200.00. (*See* Master's Recommendation, 9/15/16, at 4-5). The master then determined that support for the children could be maximized if each parent claims one child as a dependent. Based upon that deduction, the master calculated Mother's net monthly income as $2,322.57 and Father's net monthly income as $11,899.42, resulting in a combined monthly income of $14,221.99 and a basic support of $2,457.00. (*See id.* (citing Pa.R.C.P. 1910.16-3)). After adjusting for health insurance and childcare,[3] the master concluded that Father's monthly child support obligation is $2,881.57. (*See id.* at 7).

_____

[3] The Master concluded that $670.00 per month, the cost of the before and after school program, was a more reasonable childcare amount than the $500.00 per week paid to Maternal Grandmother. (*See* Master's Recommendation, at 6-7).

On October 4, 2016, Mother, *pro se*, filed exceptions challenging several findings of the support master.[4] On March 6, 2017, the trial court entered an order overruling the exceptions and adopting the master's recommendations in their entirety. (**See** Trial Court Opinion, 3/06/17, at 1). Mother timely appealed. On March 31, 2017, Pursuant to the trial court's order, Mother filed a statement of errors complained of on appeal.[5] **See** Pa.R.A.P. 1925(b). The trial court entered an opinion on April 19, 2017, in which it relies, in part, on its March 6, 2017 opinion adopting the master's recommendations. **See** Pa.R.A.P. 1925(a).

Mother raises one question on appeal: "Whether the court may award child support absent full disclosure of a high net worth obligor[?]" (Mother's Brief, at 5).[6, 7]

_____

[4] As noted by the trial court, Mother's exceptions do not contain a summary or list of specific exceptions. (**See** Trial Ct. Op., 3/06/17, at 1).

[5] Mother's statement consists of nineteen allegations of error. (**See** Concise Statement of Errors, 3/31/17, at 1-4; Trial Ct. Op., 4/19/17, at 1-2).

[6] Mother's brief contains argument concerning the court's order with regard to the justness of the amount of child support and spousal support, dependency exemptions for income taxes, and the court's calculation of daycare expenses. (**See** *id.* at 9-11). However, because these issues are neither "stated in the statement of questions involved [nor] fairly suggested thereby[,]" we do not consider them. Pa.R.A.P. 2116(a).

[7] In his brief, Father claims that although "the [trial] court did not err in calculating his income based off the information provided at the *de novo* hearing," this Court should remand to the trial court for it to calculate his income based on Pa.R.C.P. 1910.16-2(d)(2), which considers involuntary reductions of income. (Father's Brief, at 4; **see id.** at 4-6). Father did not
*(Footnote Continued Next Page)*

In her issue, Mother contends that the court erred in finding "that the introduction of a copy of [Father's] most recent paystub and previous two months of bank statements along with his testimony that he received *per diem* and reimbursement for travel is sufficient under the law to calculate child . . . support." (***Id.*** at 12) (emphasis omitted). We disagree.

Our standard of review in child support cases is well-settled:

> Appellate review of support matters is governed by an abuse of discretion standard. When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. An abuse of discretion is [n]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record. The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

***J.P.D. v. W.E.D.***, 114 A.3d 887, 889 (Pa. Super. 2015), *appeal denied*, 130 A.3d 1290 (Pa. 2015) (citation omitted). An abuse of discretion "will be found where there is insufficient evidence to sustain the award or where the law is overridden or misapplied." ***Lampa v. Lampa***, 537 A.2d 350, 352 (Pa. Super. 1988) (citation omitted).

Here, Mother claimed that the trial court erred because it did not consider income received from Father's business entities. (***See*** Mother's

*(Footnote Continued)* ——————————

raise this issue before the trial court either at the *de novo* hearing or by filing exceptions to the master's recommendation. Furthermore, Father has not supported his argument with any legal authority. Therefore, we decline to address Father's concern here.

Brief, at 7). However, our review of the record discloses that during the *de novo* hearing, Father expressly denied receiving any income from the LLC that he has created in his name, and Mother did not provide any evidence of this income. (***See*** N.T. Hearing, at 62, 69). The trial court could not include income that was not before it.

Furthermore, with respect to Father's salary and *per diem* reimbursements, the trial court explained:

> At the hearing, Father introduced evidence of [two pay stubs, one for regular earnings, and one for reimbursements,] and two months of bank statements. Father is a salaried worker, meaning his income does not vary from paycheck to paycheck. Consequently, a single paycheck, combined with two months of bank statements, is sufficient to determine Father's income. Regarding Father's receipt of a *per diem* and reimbursement for business expenses, the [s]upport [m]aster correctly did not include travel expenses as part of Father's income but did include the *per diem* amount. Father's *per diem* is received to help pay for meals and is not a direct reimbursement, and therefore constitutes income. Father's travel expenses are not income. Father is required to travel and his employer reimburses those travel expenses. As these amounts constitute expenses for which Father pays and is directly reimbursed, they do not constitute income. As a result, the [c]ourt did not err in finding that there was sufficient evidence to determine Father's income.

(Trial Ct. Op., 4/19/17, at 2; ***see*** N.T. Hearing, 35-36, 58-59, Defendant's Exhibits No. 2, 3).

We discern no error of law or abuse of discretion in the court's calculation of Father's income, where the court based its calculation on uncontroverted evidence of Father's salary and *per diem* reimbursement as

represented in his pay stubs. *See J.P.D.*, *supra* at 889; *Lampa*, *supra* at 352. Mother's issue does not merit relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017