544 A.2d 1010

**Mary Beth STEENLAND–PARKER, Appellee,**

**v.**

**Richard PARKER, Appellant.**

Superior Court of Pennsylvania.

Argued June 8, 1988.

Filed July 18, 1988.

458

Thomas S. McNamara, Philadelphia, for appellant.

Joan Esmonde, Philadelphia, for appellee.

Before McEWEN, OLSZEWSKI and CERCONE, JJ.

OLSZEWSKI, Judge:

This appeal is from a trial court order granting appellee's exceptions to the permanent hearing officer's (PHO) recommendations, and modifying a previous child support order. Appellant raises the following issues on appeal: (1) whether the trial court abused its discretion in granting appellee's exceptions, without sufficient evidence of the reasonable

needs of the child residing with appellee and of appellee's ability to pay; (2) whether the trial court entered a child support order that is punitive and confiscatory; and (3) whether the trial court abused its discretion in permitting appellee to be represented by a Philadelphia assistant district attorney in proceedings that do not arise under the Revised Uniform Reciprocal Enforcement of Support Act, 42 Pa.C.S.A. §§ 6741–80 (1982), amended by and reenacted at 23 Pa.C.S.A. §§ 4501–40 (Supp.1986) ("RURESA").

Appellant and appellee are parents of two sons, Eric and Ian. Both children resided with appellee and her second husband in Scottsdale, Arizona. In December of 1986, Eric left to permanently reside with appellant in Yardley, Pennsylvania. Because of this change of circumstances, appellant petitioned the Common Pleas Court of Philadelphia, Family Court Division, to modify an existing support order entered by the Philadelphia trial court. At the hearing before the PHO, appellant and Eric testified on behalf of the petition. Appellee was not present at the proceedings; however, she was represented by a Philadelphia assistant district attorney. Both parties filed updated income and expense statements.

The PHO recommended that appellant's petition for modification be granted, reducing the $290.00 support order in half and crediting appellant with $145.00 per week from the date of Eric's move to the date of the proposed order. Thereafter, appellee filed exceptions to the PHO's proposed order. Granting the appellee's exceptions, the trial court entered an order requiring appellant to pay $210.00 per week for Ian and increasing appellant's arrearage payments from $55.00 to $80.00. This timely appeal followed. For reasons stated below, we affirm the order of the trial court.

■ In evaluating child support orders, our scope of review is very narrow. *Michael v. Michael*, 360 Pa.Super. 312, 520 A.2d 473 (1987). No child support order will be disturbed unless there is insufficient evidence to sustain the order or there has been an abuse of discretion by the lower court. *Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319

(1986). "An abuse of discretion is not 'merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.' " (Citations omitted.) *Fee v. Fee*, 344 Pa.Super. 276, 496 A.2d 793, 794 (1985).

■ In *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984), the Supreme Court set forth uniform guidelines for the calculation of child support by the trial court. In making its calculation, the trial court must determine the reasonable needs of the children and respective abilities of the parents to pay support. *Melzer, supra.* The Supreme Court stated:

> In order to define the support obligation of each parent, a court must first determine the needs of the children: a court has no way of arriving at a reasonable order of support unless it knows how much money is actually required to care for the children involved.

Id., 505 Pa. at 470, 480 A.2d at 995 (footnote omitted).

■ Appellant argues that the trial court failed to indicate the basis of its decision. Appellant further contends that the record is devoid of any competent evidence of Ian's needs and appellee's ability to pay support. We, however, disagree. In its opinion, the trial court acknowledged that a determination of Ian's needs could be made from the ample information submitted by the parties. Trial court opinion at 2. This information includes appellee's updated income and expense statement indicating Ian's monthly expenses in the amount of $3,345.65. Although appellee and Ian were not present to testify before the PHO or the lower court, Eric was questioned by appellant's counsel regarding particular expenses assigned to Ian in appellee's statement.[1]

1. Eric testified as follows:
    Q: Do you still talk to Ian?
    A: Yes.
    Q: Are you aware whether he is presently seeing a psychotherapist?
    A: He says that he is.
    Q: Are you aware whether Ian is taking piano lessons?

■ The trial court opinion and record also disclose competent evidence of appellee's ability to contribute towards Ian's support. The trial court previously determined appellee's earning capacity to be $11,000.00 per year. During the hearing, Eric testified as to the earnings and specific expenses paid by appellee's second husband. The assistant district attorney further stipulated on the record that appellee has no income and that her expenses are paid by her current spouse. In addition, Eric provided testimony of appellee's comfortable living conditions at her current residence. In considering appellee's expenses and the contributions of appellee's second husband, however, the trial court recognized that housing and utility expenses do not decrease when a child departs the residence. Trial court opinion at 2. The trial court reasonably considered increased expenses in assessing appellee's ability to pay support. Moreover, although the lower court is required to consider "the extent that a parent's expenses are lessened by the contribution of a third party," *Melzer, supra;* accord, *Fee v. Fee, supra,* the trial court did not err in giving some consideration to the fact that appellee's second spouse is not legally responsible for the two children. *Riess v. De Luca,* 353 Pa.Super. 622, 510 A.2d 1239 (1986) (Tamilia, J., concurring).

■ Appellant's second argument is also without merit. Appellant contends that the effect of the trial court's order, taken as a whole, is punitive and confiscatory. Appellant argues that, by decreasing his support payments by $80.00 and by increasing his payment for outstanding arrears by $25.00, his net reduction is only $55.00. At the same time, he is directly responsible for supporting one child. As a result, appellant contends, he is required to pay almost half of his net income for the support of his two children.

It is well settled that:

A: Yes, he is.
Q: Does your mother own a piano?
A: No, she does not.

N.T. at pp. 24, 25.

The amount of a child support order is largely within the discretion of the trial judge.... A child support order must be fair, not confiscatory, and must be consistent with the parent's station in life and customary standard of living, making due allowance for the reasonable living expenses of the parent.

*Shank v. Shank*, 298 Pa.Super. 459, 462, 444 A.2d 1274, 1275–1276 (1982) (citations omitted); *accord, Loring v. Loring*, 339 Pa.Super. 92, 488 A.2d 324 (1985); *Michael v. Michael, supra.* In *Shindel v. Leedom*, 350 Pa.Super. 274, 504 A.2d 353 (1986), the Superior Court stated:

Support of a minor child is the equal responsibility of both parents. The amount contributed by each parent will be determined by their ability and capacity to pay. All income, from whatever source, is to be evaluated as well as financial resources and property interests as of the time at which support payments are sought.

(Citations omitted.)

Of equal interest to the support determinations are the parties' expenses. The award must be fair and not confiscatory and must make allowance for the reasonable living expenses of the parent. As always the support order must be in the best interest of the child. *Id.*, 350 Pa.Superior Ct. at 279–80, 504 A.2d at 356. In addition, the court must consider a parent's direct payments to the children when fashioning a support order. *Melzer, supra.* These well established rules have been incorporated into the *Melzer* guidelines. *Melzer, supra; accord, Shindel, supra.*

In the instant case, appellant filed an updated income and expense statement and accompanying documentation, indicating biweekly net salaried earnings in the amount of $2,279.64, income attributed to free-lance work in the amount of $1,940.00 per year, property holdings amounting to over $200,000.00 and a 1986 federal tax refund of $11,-253.00. Appellant further testified that he has in the past received tax refunds ranging from $5,000.00 to $15,000.00. In addition, appellee submitted to the trial court appellant's income tax returns for the tax years 1984 and 1985 indicat-

ing refunds in the amounts of $8,873.00 and over $14,-000.00, respectively. The record also discloses appellant's expenses. Appellant testified regarding his expenses for Eric. Appellant's income and expense statement indicates these expenses, and further provides the expenses of appellant and his second spouse. The lower court, in applying *Melzer, supra,* properly considered along with Ian's needs and appellee's increased expenses, appellant's parental obligation to support his children and the disparity between appellee's earning capacity and appellant's substantial income offsetted by his reasonable expenses and direct support of Eric. In reviewing the record before us, we hold that the trial court determined a fair and reasonable amount of support to be paid by appellant.[2]

■ Appellant next argues that the trial court erred in appointing a Philadelphia assistant district attorney to represent appellee in a child support proceeding not arising under RURESA. RURESA establishes procedures whereby out-of-state residents can commence proceedings for the enforcement of child support orders in this Commonwealth and enables Commonwealth residents to commence proceedings in another state. RURESA specifically provides that if the "Commonwealth is acting as an initiating state the prosecuting attorney upon the request of the court, or a Commonwealth or local welfare official shall represent the obligee in any proceeding under this chapter." 42 Pa.C.S.A. § 6752, substantially reenacted at 23 Pa.C.S.A. § 4512. In addition, RURESA provides for representation by the district attorney of the obligee when the support proceeding is initiated in another state against an individual who resides in this Commonwealth. 42 Pa.C.S.A. § 6758(b), reenacted at 23 Pa.C.S.A. § 4518(b). The remedies under RURESA, however, are not exclusive nor are they substitutions for other remedies available for enforcement of child support. *See* 42 Pa.C.S.A. § 6743, reenacted at 23 Pa.C.S.A. § 4503 ("The remedies provided in this Chapter are in addition to

---

**2.** We take note that part of the support order constituted payment for outstanding arrears amounting in excess of $15,000.00. Trial court opinion at p. 3.

and not in substitution for any other remedies."). This is further illustrated by the stated purposes of RURESA. *See* 42 Pa.C.S.A. § 6741(b), reenacted at 23 Pa.C.S.A. § 4501(b) ("The purposes of this chapter are to improve and extend by reciprocal legislation the enforcement of duties of support."). Direct proceedings can be instituted pursuant to the Civil Procedural Support Law, 42 Pa.C.S.A. §§ 6701–13 (1982), amended by and reenacted at·23 Pa.C.S.A. §§ 4301–53 (Supp.1986) (the "Support Law"); *see also Ross v. Ross,* 359 Pa.Super. 357, 518 A.2d 1274 (1986). The Support Law also specifically provides for representation by the district attorney:

> The district attorney shall at all times aid in the enforcement of the duty of support and shall cooperate with the domestic relations section in the presentation of complaints or in any proceeding designed to obtain compliance with any order of the court.
>
> The district attorney, upon the request of the court or a Commonwealth or local public welfare official, shall represent any complainant in any proceeding under this subchapter.

42 Pa.C.S.A. § 6711(a), (b), reenacted at 23 Pa.C.S.A. § 4306(a), (b).

In the present case, appellant filed in the Philadelphia Common Pleas Court a petition to modify an existing support order.[3] Pursuant to the statutory provisions of the Support Law, the trial court properly exercised its discretion in the appointment of an assistant district attorney to represent appellee.

Accordingly, we affirm the trial court's order.

**3.** Jurisdiction was based upon the fact that appellee voluntarily subjected herself to the jurisdiction of the trial court by filing an earlier petition for modification. *See* docket entry at 7/10/86. Furthermore, the Support Law provides that "[the trial] court making an order of support shall at all times maintain jurisdiction of the matter for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding the order, without limiting the right of the obligee to institute additional proceedings for support in any county wherein the obligor resides or in which property of the obligor is situated." 42 Pa.C.S.A. § 6710, reenacted at 23 Pa.C.S.A. § 4352; *Ross v. Ross,* supra.