558 A.2d 93

**Dale Fisher OLSON, Appellee,**

v.

**Maurice A. OLSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 15, 1988.

Filed May 4, 1989.

Jerold S. Berschler, Norristown, for appellant.

Thomas R. Hecker, Langhorne, for appellee.

Before OLSZEWSKI, BECK and JOHNSON, JJ.

BECK, Judge:

This case presents the issue of whether a trial court, in a support case, must enter on the record the arithmetical calculations found in *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984) where one party has intentionally failed to provide accurate financial information or has withheld financial information required under the formula. We conclude that under these circumstances, a trial court is not required to place *Melzer* calculations on the record.

Maurice Olson (father) and Dale Fisher Olson (mother) were married in December, 1977 and divorced in September, 1983. The parties have shared custody of their son Adam. The original child support order has been subject to several

modifications. By order dated July 12, 1986, father was to pay $63.00 per week plus arrearages in child support. On October 22, 1987, father filed a petition to decrease support payments based upon changed circumstances, namely, that he is unemployed and receiving unemployment compensation. On January 19, 1988, mother filed a petition for increase of support. Father also later filed a petition seeking child support. The parties stipulated that all petitions would be considered together. After a hearing on January 20, 1988, the trial court increased the order to $70.00 per week plus $10.00 per week in arrears, and denied father's petition for support. Father appealed.

In arriving at its determination, the trial court noted that the matter was originally conferenced before a domestic relations officer. The father's 1986 income tax return reported income of $37,763.00. However, the hearing officer properly focused on the father's 1987 income; the income figure which would be used in calculating the *Melzer* formula. At the hearing, father, a registered pharmacist, testified that he was enrolled as a full-time college student, hoping to earn a master's degree in family therapy by June, 1988. Father testified that his sole source of income for 1987 was Unemployment Compensation amounting to $228.00 per week for twelve weeks. On cross-examination, however, he admitted that on December 3, 1987, he leased a new 1988 Toyota for 60 months at $412.91 per month. The application and car lease were entered into evidence. On the application, father listed his income as $40,000 per year plus $300.00 per month as payment for part-time teaching. Father also acknowledged that he has approximately $17,000 in bank accounts, and two pieces of real estate estimated to be worth $70,000 and $20,000, respectively.

Based upon this information, the trial court denied father's petition for reduction of child support. On appeal, appellant/father asserts that the trial court erred in failing to consider the Bucks County Support Guidelines or to apply *Melzer* calculations on the record.

"In evaluating support orders, our scope of review is limited to ascertaining whether there was sufficient evidence to sustain the order and whether there has been an abuse of discretion by the trial court." *Shank v. Shank*, 298 Pa.Super. 459, 462, 444 A.2d 1274, 1276 (1982) (citations omitted).

■ In the instant case, father alleges that the trial court erred in failing to enter on the record calculations in accordance with the formula set forth in *Melzer v. Witsberger*, *supra*. *Melzer* established a standard support formula under which a hearing court "plugs in" specific data regarding the incomes and reasonable financial needs of the parties in order to arrive at a fair determination of support obligation. In the usual case decisional law has mandated that the trial court enter the arithmetical calculations on the record where there is an initial entry or subsequent modification of a support order. *See Shutter v. Reilly*, 372 Pa.Super. 251, 539 A.2d 424 (1988); *Ryan v. DeLong*, 371 Pa.Super. 248, 538 A.2d 1 (1987).

■ The question is whether a party who intentionally provides inaccurate information or withholds necessary information should be permitted to complain on appeal that he or she was not afforded the benefits of the *Melzer* formula. We think not. First, we note that the Supreme Court itself recognized that the formula it set forth in *Melzer* was to be used as a guideline and was not meant to divest the hearing court of discretion to consider all of the relevant facts. *Melzer, supra*, 505 Pa. at 469–71, 480 A.2d at 995. As has been noted "a majority of the [*Melzer*] Court eschewed strict mechanical formulas and endorsed a flexible approach in these [support] cases." *Ryan, supra* 371 Pa.Super. at 251, 538 A.2d at 2. Next, we point out that the Superior Court has recognized that deviations from the formula may be warranted under "the particular circumstances" of a case. *Shutter, supra* 372 Pa.Super. at 257, 539 A.2d at 427. Although it is true that in the usual case the court must show the formula on the record, the law has recognized that in certain cases the formula need not be shown on the

record. *Griffin v. Griffin,* 384 Pa.Super. 188, 558 A.2d 75 (1989) (en banc) (trial court did not err in failing to make *Melzer* calculations where wife had no income to plug into the formula). We hold, therefore, that where the party requesting benefits of the *Melzer* formula intentionally withholds or fails to provide accurate information required under the formula, the court may calculate support without an on the record reference to the formula. In the instant case to decide otherwise would be tantamount to rewarding father for withholding pertinent information. Since father was the only source of the requisite data, it was his burden to produce the information.

■ The same rationale applies to father's argument that the trial court erred in not considering the Bucks County Support Guidelines on the record. The county support guidelines were promulgated pursuant to 23 Pa.C.S.A. section 4322:

> *Support guidelines.*
> The courts of common pleas shall develop guidelines for child and spousal support so that persons similarly situated shall be treated similarly. The guidelines shall be based upon the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support. In determining the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support, the guidelines shall place primary emphasis on the net incomes and earning capacities of the parties, with allowable deviations for the unusual needs, extraordinary expenses and other factors, such as the parties' assets, as warrant special attention.

Clearly, as with *Melzer,* application of the county support guidelines requires both parties accurately to present all relevant financial information, which husband in this case failed to do. He should, therefore, not be permitted to claim any benefit from application of the county guidelines.

■ The trial court's decision in this case was based upon its assessment of father's credibility. The court did not

find credible father's testimony that his weekly income consisted of his unemployment compensation stipend plus a minimum income from the rental properties. Noting in particular the fact that appellant committed to pay $412.91 per month to lease a 1988 Toyota, as well as admitting to having given false information on his lease application, we find no abuse of discretion by the court.

As appellant failed to supply the trial court with the proper financial information, he lost whatever advantage might have accrued to him from the use of the *Melzer* formula and the county support guidelines.

The order of the trial court is affirmed.

OLSZEWSKI, J., files dissenting opinion.

OLSZEWSKI, Judge, dissenting:

I respectfully dissent.

Although I do not condone father's withholding of material evidence in the instant case, I cannot conclude that the trial court may be excused from following our Supreme Court's mandate in *Melzer v. Witsberger*, 505 Pa.Super. 462, 488 A.2d 991 (1984), and the Bucks County guidelines.

In her petition to increase, mother alleged that:

Since the date of the entry of the order of [February of 1983], there has been a substantial and material change of circumstances including but not limited to the following:

(a) [Father's] income has increased.

(b) The cost of living has increased.

(c) Specific expenses for said minor child have increased in the nature of school, clothing, food, shelter and medical.

Petition to Increase at 1. The trial court granted the instant petition by order dated January 20, 1988. On appeal, father maintains that the trial court erred in entering an order modifying an existing child support order: (1) without considering the Bucks County guidelines; (2) with-

out applying, on the record, the *Melzer* formula; and (3) without entering specific findings regarding the incomes of both parties and the reasonable needs of the children.

This Court has required that the *Melzer* formula and the county guidelines consistent with *Melzer* be considered in entering a subsequent modification of a child support order. *Shutter v. Reilly*, 372 Pa.Super. 251, 539 A.2d 424 (1988). The majority claims that it was impossible for the trial court to accurately employ the *Melzer* formula and county guidelines because appellant withheld information regarding his financial status. Being the only source of this information, the majority finds that father, on appeal, cannot complain of the trial court's non-compliance with *Melzer*. I believe the majority misplaces the burden of proof on father. Mother filed a petition to increase which alleged that father's income had increased. It was incumbent upon mother to prove the facts necessary to support the allegations of changed circumstances set forth in the petition. *See Banks v. Banks*, 275 Pa.Super. 439, 446–48, 418 A.2d 1370, 1374 (1980) (trial court may not order reduction in child support unless petitioner has proved by competent evidence that there is a material and substantial change in his financial circumstances). When father was not forthcoming with a current tax return and income and expense statement, these items should have been subpoenaed or requested by mother by motion to the court. If father refused to comply, appropriate sanctions could be imposed by the trial court. In a child support action, we are concerned with the welfare of the child. *See Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974) ("The purpose of a support order is the welfare of the children and not the punishment of the father."). To ensure the welfare of the child, it is essential that all information pertinent to ascertaining the amount of support is before the hearing court. I, therefore, would remand for an evidentiary hearing and for the trial court to enter calculations consistent with the *Melzer* formula and the Bucks County guidelines.