508

561 A.2d 791

**Jamie N. LASKY, Appellant,**

v.

**Jesse I. LASKY.**

**Jamie N. LASKY**

v.

**Jesse I. LASKY, Appellant.**

Superior Court of Pennsylvania.

Argued May 4, 1989.

Filed July 12, 1989.

William J. Gallagher, Kennett Square, for Jamie N. Lasky.

A. Thomas Parke, III, Westchester, for Jessie I. Lasky.

Before CAVANAUGH, TAMILIA and KELLY, JJ.

TAMILIA, Judge:

These are cross-appeals of a trial court Order dismissing plaintiff/mother's petition to increase the existing support Order for the parties' eight year old son, Gregory, and granting defendant/father's petition to modify child support by reducing the child support requirement of father to $400.44 per month. The Order subject of the two petitions for modification was entered by the hearing officer February 26, 1986 in the amount of $830, $490 being the support guidelines amount and $340 being allocated for psychiatric care for Gregory. Arrears on this Order were ultimately settled in the amount of $660 per month from September 16, 1985, the date of complaint to June 30, 1987. The following analysis and discussion will resolve the issues presented by both appeals.

Father was involved in a car accident on March 31, 1981 in which he suffered a serious head injury causing permanent brain damage and preventing him from ever being able to work again or live independently. As a result of a products-liability suit, a settlement was reached in December, 1984, of which he received approximately 80 per cent or $1,854,009 and wife received 20 per cent or $463,502. Pursuant to court Orders dispersing the settlement funds, father placed $185,400 in a trust for his son, which generates approximately $770 per month in income to support Gregory. In wife's petition to increase support, she claims the reasonable needs of the child amount to $3,449 per month, while husband, in his petition to modify or dismiss the support Order, claims Gregory's reasonable needs are being met by the trust fund income and the social security benefits Gregory receives in the amount of $161 per month.

Mother raises several issues on appeal alleging trial court error in its findings regarding the incomes and expenses of the parties, the reasonable needs of Gregory and the appli-

cation of the *Melzer*[1] formula.  Father, in turn, argues the court erred in ordering him to pay anything more than the income taxes on the net income of the support trust.

Our scope of review is very limited in child support Orders—we will not disturb the Order unless the evidence is insufficient to sustain the Order or the trial court has abused its discretion.  *Steenland–Parker v. Parker*, 375 Pa.Super. 457, 544 A.2d 1010 (1988).  An abuse of discretion must be proven by clear and convincing evidence.  *DeMasi v. DeMasi*, 366 Pa.Super. 19, 530 A.2d 871 (1987).

> "An abuse of discretion is not 'merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.' "  (Citations omitted.)

*Steenland–Parker, supra*, 375 Pa.Superior Ct. at 461, 544 A.2d at 1012.

The Supreme Court in *Melzer, supra*, established guidelines for trial courts to follow in making child support determinations:

> We hold, therefore, that in each case the hearing court must first calculate the reasonable expense of raising the children involved, based upon the particular circumstances—the needs, the custom, and the financial status—of the parties.
>
> . . . .
>
> The court must next determine, as a matter of fact, the respective abilities of the parents to support their children.  This Court has held that "[e]ach parent's ability to pay is dependent upon his or her property, income and earning capacity...."

> Once the court has determined the reasonable needs of the children and the amount of each parent's income which remains after the deduction of the parent's reasonable living expenses, it must calculate each parent's total

1. *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984).

support obligation in accordance with the following formula:

$$\text{Mother's total support obligation} = \frac{\text{Mother's income available for support}}{\text{Mother's income available for support} + \text{Father's income available for support}} \times \text{Child(ren)'s needs}$$

$$\text{Father's total support obligation} = \frac{\text{Father's income available for support}}{\text{Mother's income available for support} + \text{Father's income available for support}} \times \text{Child(ren)'s needs}$$

Once each parent's total support obligation has been defined, the court must determine what portion of that obligation may be offset by support provided directly to the children, and what portion of the support obligation must be satisfied by way of support payments to the other parent. It is clear that at least some portion of both parents' total support obligations may be fulfilled by the provision of support directly to the children. (Citations and footnote omitted.)

*Id.*, 505 Pa. at 473, 480 A.2d at 995–996.

The trial court found mother's biweekly earned income to be $539, plus $2,216 per month interest on invested funds, $700 per month rent she collects on property she owns and $161 per month social security. Her total gross income is $4,245 per month or *$3,245 net monthly income* after deduction for income taxes. Additionally, the mother is living with a man in a condominium in New York, and this has the effect of skewing her actual personal expenses when the expenses of the other adult are not factored into the formula. The court then found mother's reasonable needs to be $2,500 per month, making available support income equal to $745 per month.

The trial court found father's yearly income to be $100,-311 in interest and dividends and a social security payment of $662 per month, giving him a *net monthly income of $6,426* after yearly taxes of $30,659 are paid. Father's expenses were determined to be $4,500 per month, leaving available $1,926 per month for support.

Finally, the court found the boy's total monthly needs including day care expenses equals $1,830. As stated above, the child receives social security of $161 per month and an additional $770 per month from his support trust. The court applied the *Melzer* formula after deducting from Gregory's anticipated needs $142/month in child care expenses in accordance with the Chester County Support Guidelines and $161 which represents his social security benefit. The court concluded that father should pay $1,099 per month in support, $770 of which comes from the trust, leaving $329 per month, plus $71 for child care, for a total of *$400.44 father must pay in support,* thus reducing the Order entered in 1986 from $830 to $400.44.

Although mother argues various specific points to show that the trial court erred in its calculations, we find the evidence is sufficient to sustain the award and the court did not abuse its discretion in reaching its decision. The trial court was free to reject any testimony it felt was unsubstantiated or invalid. Furthermore, mother's claim that her eight-year old son's monthly needs are $3,449 is ludicrous. The entire family lived on father's $25,000 yearly salary prior to his accident but now, apparently, mother has acquired an affluent "New York" lifestyle due to the settlement of the products-liability suit and she believes father should support his son in the lifestyle to which she aspires. Mother argues father can well-afford to pay the kind of support payments she requests, however, this argument overlooks the fact that she has not established need for her requests and the excess will simply go to her enrichment. The father's assets were obtained only because of the injury he suffered, he is permanently brain damaged and will

never work again—the settlement proceeds he received must support him the rest of his life. Certainly we do not believe, as mother suggests, that father should pay an excessive amount in child support since he cannot possibly spend all his money on himself. We also reject as banal and degrading the theme of appellant's argument that because appellee is brain damaged and incapable of locomotion, his needs for clothing, housing and other amenities is minimal and, therefore, his income should be dedicated to provide his son an extravagant life style (with peripheral benefits to his former wife).

We find the child's needs will be properly met on the current support Order of $1099 per month which, we note, is $400 per month more than father believes his son needs, but which we believe is an appropriate figure after reviewing the record.

Order affirmed at No. 00029 Philadelphia, 1989.

Order affirmed at No. 00072 Philadelphia, 1989.

KELLY, J., concurs in the result.