574 A.2d 625

**Ann RACCIATO, Appellee,**

v.

**Peter RACCIATO, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 11, 1990.

Filed April 25, 1990.

Reargument Denied June 6, 1990.

Donald F. Spry, II, Bangor, for appellant.

Charles H. Spaziani, Easton, for appellee.

Before DEL SOLE, TAMILIA and HOFFMAN, JJ.

DEL SOLE, Judge:

Pursuant to Appellee, Wife's, request the trial court entered an order directing that Appellant, Husband, pay $890.00 per week for the support of his wife and two minor daughters. This sum was directed to be allocated $185.00 per week for Wife, $557.00 per week for the support of the two children and $148.00 per week for arrearages.

Husband makes an initial claim, with regard to the child support award, which we find to be meritorious. He contends that the court entered the child support order without applying the formula enunciated in *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984) and the county guidelines. He further suggests that despite the trial court's "lip service" to *Melzer* it would have been impossible for the court to apply its formula "given the fact that no calculation or breakdown of expenses attributed to the children was presented."

In *Melzer* the Pennsylvania Supreme Court set forth a uniform formula for the calculation of child support. In order to determine the proportion of the child's support which must be provided by each parent, the formula establishes a ratio between the sum necessary for the children's

support needs and the income available to each parent for payment of support. "While trial courts are required to calculate the *Melzer* formula, they may adjust the resulting support obligation where the particular circumstances warrant doing so. *Griffin v. Griffin*, 384 Pa.Super. 188, 558 A.2d 75 (1989). The calculated *Melzer* formula must be in the record to insure that an actual dollar figure is determined as to the reasonable needs and expenses of the parents and children. *Ryan v. DeLong*, 371 Pa.Super. 248, 255, 538 A.2d 1, 3 (1987).

In the instant case it is clear that the court did not apply the *Melzer* formula. The trial court denied that it failed to apply this formula and recounted how it accepted Wife's estimated ordinary expenses of $4,845.00 per month. However as noted by Husband, the expenses set forth by Wife did not separately list the children's expenses. The court does not indicate what figure it used to account for the children's portion of the expenses or the figures which represent the Husband and Wife's income which is available for support.

The law has recognized that the *Melzer* formula need not be shown on the record in every case. Two exceptions have been applied. In *Griffen v. Griffen, supra.*, it was held that the trial court did not err in failing to utilize the formula where the wife had no income to plug into the calculation. Citing *Griffen* the court in *Olson v. Olson*, 384 Pa.Super. 224, 558 A.2d 93, 95 (1989) held "that where the party requesting benefits of the *Melzer* formula intentionally withholds or fails to provide accurate information required under the formula, the court may calculate support without an on the record reference to the formula." Neither situation is applicable in the instance case. Although Wife urges us to conclude that Husband, much like the father in *Olson*, has intentionally withheld information which would excuse the failure to apply the *Melzer* formula, there is no evidence of record to support this conclusion. The trial court did not find that Husband "intentionally withheld" information or provided "inaccurate" information.

The trial court noted that Husband had reduced his hours of employment thereby reducing his income. Husband stated that this extra free time was spent with his children. The trial court found that Father, "cannot avoid his duty of support by reducing the hours at his practice even where ... he spends the time visiting his children." These statements by the trial court do not amount to "intentionally withholding" information as was done in *Olson* where the father stated he earned only $228.00 per week for twelve weeks in the preceding year as unemployment compensation, yet he leased a new automobile for 60 months at $412.00 per month. On the application and car lease, the father in *Olson* listed his income as $40,000 per year plus $300.00 per month for part-time teaching. The factual situation in *Olson* in inapposite to that found here and we decline to excuse the failure of the trial court to apply the *Melzer* formula to the facts of this case.

With regard to this issue Appellant has additionally stated that the trial court failed to apply the county guidelines along with the *Melzer* formula. We note that after this case was argued, the Pennsylvania Supreme Court amended the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. 1910.-16–1, et seq., 42 Pa.C.S.A., effective September 30, 1989, adopting uniform support guidelines. *See: Moore v. Moore*, 390 Pa.Super. 174, 568 A.2d 250 (1990). Upon remand the trial court should harmonize these guidelines with the formula provided in *Melzer* and consideration of the particular circumstances, to create an appropriate award. *See: Marshall v. Ross*, 373 Pa.Super. 235, 540 A.2d 954 (1988).

█ Three issues remain in Appellant's appeal. In his second and third issues he contends that the spousal and support awards were "punitive and confiscatory" given the facts of the case, and that the spousal support award was made without properly considering Wife's needs and earning capacity. The portion of Appellant's claim which addresses the "confiscatory" nature of the child support award will not be addressed in light of our decision to

reverse this award and remand for recalculation. Appellant's claims which concern the separate spousal award will also not be considered in this appeal. Spousal support requested in a divorce complaint, as was done instantly, is indistinguishable, in the procedural context of the divorce, from alimony pendente lite, and an order awarding or denying such support is interlocutory under the rationale of *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985). *Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319 (1986).

The remaining claim made by Appellant concerns the trial court's conclusions regarding the parties' income. Appellant contends that the court did not properly deal with the depreciation of certain properties. Since this claim may effect the trial court's decision in its recalculation of the child support we have examined it and we find the court properly addressed these concerns in it's August 10, 1989 Memorandum Opinion.

That portion of the trial court order which determines the amount of child support Appellant is required to pay is reversed and remanded for recalculation in accordance with this opinion. Husbands' appeal of the spousal support award is interlocutory and is quashed.

TAMILIA, J., files a dissenting statement.

TAMILIA, Judge, dissenting.

I respectfully dissent to the holding by the majority that this case must be reversed and remanded for recalculation of the expenses incurred by the mother for the support of the children. In domestic relations cases, the standard of review is abuse of discretion by the trial judge. *Lasky v. Lasky*, 385 Pa.Super. 508, 561 A.2d 791 (1989), citing *Steenland–Parker v. Parker*, 375 Pa.Super. 457, 544 A.2d 1010 (1988). The very learned trial judge, Richard D. Grifo, Jr., heard this case de novo, and in his Opinion stated the *Melzer* formula was complied with in that the reasonable expenses of rearing the children, in addition to the expenses incurred by the mother, were detailed at the domestic

relations conference and became part of the record, at the hearing de novo, without objection by the appellant. The trial judge considered that the mother's income was insufficient to pay the housing, maintenance and educational costs for herself and the children, and that the $1,000 per month mortgage on their home and the cost of private schooling for the two children, $4,500 per year, was born by maternal grandfather. These considerations, with other factors concerning appellant's ability to earn, fully justify the court's conclusions and Order.

The husband's annual gross income dropped between 1984 and the last figure used at time of the hearing (1987) from $400,000 to $256,536, and the time spent in his profession as an ophthalmologist went from an average of 40 hours per week to 29 hours per week, a reduction of 25 per cent. In addition, he inflated his expenses by claiming payment of $1,000 per month on a loan to his father-in-law, which he failed to repay, claimed capital expenditures which did not exist and reduced his net income by attributing salaries totaling $20,000 per year to his two daughters, ages 12 and 8. A father may not set aside income for the future education of his children while denying them present support.

Under these circumstances, the trial judge was absolutely within his discretion in determining the appellant's ability to pay within the reasonable net income he actually earned and finding a voluntary reduction, without justification, in earning power. I believe this case comes within the holding in *Olson v. Olson*, 384 Pa.Super. 224, 558 A.2d 93 (1989), which does not require a detailed application of *Melzer* when subterfuge is practiced. Also I believe the trial court correctly determined temporary support from a grandparent does not justify a reduction in support payments from the father. Also a parent may not intentionally reduce his earnings in order to receive a lower child support Order. *Roberts v. Bockin*, 315 Pa.Super. 52, 461 A.2d 630 (1983); *Weiser v. Weiser*, 238 Pa.Super. 488, 362 A.2d 287 (1976).

Finally, while the mother is earning $7,800 per year in her job as director of a day care center, the trial judge was correct in determining she is not required to give up that job to take a higher paying job as a nurse. Many considerations come into play in making such a determination. The day care job entails regular day-time work, which frees the mother to be available when the children are normally at home. Nursing, for which she was trained, would undoubtedly require shift and weekend hours, probably overtime and other limitations on her availability to her children. This could well entail much higher expenses in additional child care, transportation and clothing than would be realized in income. Nothing in the record justifies a finding that appellee should return to nursing and the trial court correctly held he should not speculate on that issue.

I would affirm on the basis of the Memorandum Opinion of August 10, 1989 by the Honorable Richard D. Grifo, S.J.