595 A.2d 109

**Regina G. KEATING, Appellant,**

v.

**Frank J. KEATING.**

**Regina G. KEATING**

v.

**Frank J. KEATING, Appellant.**

Superior Court of Pennsylvania.

Argued June 4, 1991.

Filed July 19, 1991.

32

Regina G. Keating, pro se.

David L. Marshall, Norristown, for Frank J. Keating.

Before McEWEN, KELLY and BROSKY, JJ.

BROSKY, Judge.

Regina G. Keating (hereinafter referred to as "mother") appeals and Frank J. Keating (hereinafter referred to as "father") cross-appeals from the September 21, 1990 trial court order modifying and raising father's child support payments to $425.00 per week, setting father's arrearages at $3,890.00, and directing father to pay for the private school, tutoring, psychological treatment and medical expenses of their child, F.J.

Father and mother were married on March 20, 1972 and divorced in 1978. Thereafter, relations between the parties have been hostile. One child, F.J., was born of the marriage and the child resides with mother. Although the child has normal to above average intelligence he suffers from organic learning disabilities, first diagnosed when he was six years old. F.J. has psychological problems that have resulted from his decreased ability to perform in those areas affected by his learning disabilities.[1] On September 11, 1984 mother filed a petition for child support. On January 24, 1985 father was ordered to pay $300.00 per week in child support. On November 10, 1986 mother petitioned for a modification of child support, in part to offset the child's increased educational expenses. On January 8, 1987 father's support payments were raised to $350.00 per week. Apparently mother filed another petition to modify support and on July 27, 1987 father was ordered to pay $370.00 per week in child support. On August 24, 1987 father filed a notice of appeal to this Court. In his consolidated appeal father challenged the child support modification and the trial court's denial of his petition for modification of legal custody. In August 15, 1988, in a memorandum opinion, this Court affirmed the July 27, 1987 trial court order. *Keating v. Keating*, 385 Pa.Super. 661, 555 A.2d 253 (1988). Father filed a petition for allowance of

---

1. In September, 1987 the child was placed in the Temple Laboratory School, which is a private institution that specializes in teaching the learning impaired.

appeal to our Supreme Court and said petition was denied on June 16, 1989.

On August 22, 1988 mother filed another petition to modify/increase child support. She alleged that increased child support expenses between July 27, 1987 and August 22, 1988 necessitated an increase of $43,000.00 per year, or $875.00 per week. The trial court stated that,

> After a series of continuances, the matter finally came before the Court for a hearing [on September 19, 1990]. At that time, the Court requested counsel for [wife] to give a summary statement as to what the evidence would consist of. After hearing counsel on the record, the Court called the attorneys into chambers for a conference which was not recorded. As a result of the conference, the Court directed counsel to consult with their clients and relay the Court's thinking, and to ascertain if there were any objections. This was done, and since there were no objections, the Court ordered [husband] to pay ... $425.00 per week [child] support effective as on September 7, 1988, plus a lump sum of ... $3890.00.

Trial Court Opinion, 12/17/90, at 1–2.[2] The order was entered on September 21, 1990 and is the order appealed and cross-appealed from.

Mother stated the following issues in her *pro se* brief. [1.] Must the court ascertain the earnings and wealth of the Father, as well as the Mother, regardless of the amounts involved, in order to satisfy the mandates of the

**2.** We note that F.J., who is now seventeen years old, began attending Hilltop Preparatory School in Rosemont, Pennsylvania in September, 1990. Hilltop is an ordinary private school and does not specialize in educating students with learning disabilities. Father was voluntarily paying the expenses for Hilltop, which amounted to $15,000.00 per year. N.T., 9/19/90, at 4. As mentioned, *supra,* the September 21, 1990 trial court order directed father to pay for the tuition, transportation, meals, uniforms, lab assessments, school fees and other related expenses at Hilltop; father was ordered to make direct payment to the school. Father was also directed to directly pay F.J. for his lunch and transportation expenses. Father also has been paying for monthly tutoring for F.J. for more than four years at the Huntington Learning Center. *Id.* at 6. Father also has been paying for five years for F.J.'s visits to a psychiatrist.

statute and constitutional protection of equal treatment under the law, whether the action is an original order or a modification, before entering an order for child support? [2.] Must the court consider the expenses involved in providing a home, rearing the child within the framework of the custom and living standards of the parties, consider the costs resulting from the special circumstances of the child, and calculate amounts as of the date of the petition for modification in determining an award of Child Support?

■ May the court provide for temporary order in order to protect the child from the harm of delay and may the court provide for legal fees where they have been incurred to enforce compliance with an Order for Support? [4.] Must the court determine issues of modification of legal custody and of child visitation based on competent evidence and the best interest of the child?

Mother's Brief at vi.

Father's issues in his cross-appeal are as follows.

1. Did the Court hold a hearing? (The Court assumed that both parties agreed with the recommended order.)

2. Did the Court base its Order upon evidence concerning the reasonable needs of [F.J.]? (The Court used the prior Order of July 21, 1987, as a "baseline" in determining what additional expenses would be allowed.)

Father's Cross–Appeal Brief, at vi. Pursuant to mother's issue number one and father's issues numbers one and two we vacate the September 21, 1990 order of the trial court and remand with directions consistent with this Opinion. Since we are vacating the trial court's support order we will only address the aforementioned three issues.

Our Court's standard of review regarding support orders is a narrow one. *Lesko v. Lesko,* 392 Pa.Super. 240, 572 A.2d 780 (1990).

A trial court has broad discretion concerning support payments and we will not reverse its decision unless there is insufficient evidence to sustain it or the trial court

abused its discretion in fashioning the award. More than mere error of judgment is required; discretion is abused only if the law is overridden or misapplied or the judgment exercised is manifestly unreasonable. [Citations omitted.]

*Id.*, 392 Pa.Superior Ct. at 243, 572 A.2d at 782.

MOTHER'S APPEAL:

Mother first claims that the trial court erred in failing to acquire knowledge concerning and consider father's as well as mother's income when it modified father's support payments in the September 21, 1990 trial court order. Mother contends that the amount of child support is "substantially less than what the Father c[an] afford." Mother's Brief at 9. She avers that the trial court should have determined father's income pursuant to 23 Pa.C.S. § 4322(a), which states:

(a) Statewide guideline.—Child ... support shall be awarded pursuant to a Statewide guideline as established by the Supreme Court, so that persons similarly situated shall be treated similarly. The guideline shall be based upon the reasonable needs of the child ... seeking support and the ability of the obligor to provide support. In determining the reasonable needs of the child ... and the ability of the obligor to provide support, the guideline shall place primary emphasis on the net incomes and earning capacities of the parties, with allowable deviations for unusual needs, extraordinary expenses and other factors, such as the parties' assets, as warrant special attention.

Basically, mother is arguing that the trial court erred in failing to apply the support guidelines.

The September 21, 1990 trial court order dealt with a modification of father's child support obligation. Appellee-father alleges that since "the parties' joint monthly income exceeds $8,000, then the case is outside the [support] guidelines and the amount of support is to be determined pursuant to existing case law." Father's Brief at 2. Father

alleges that mother admitted in her brief that the case is "outside of the guidelines." *Id.* While Pa.R.C.P. 1910.16–5(d) does contain such a provision the instant record does not reveal the amount of father's or mother's income. Additionally, mother's brief contains no admission that the parties' joint monthly net income is over $8,000.00. Hence, based on what appears of record, we cannot say that the instant case is "outside the guidelines."

Mother filed the instant petition for modification on August 22, 1988. As mentioned, *supra*, there were several continuances. The trial court held what it considered to be a hearing on September 19, 1990. Counsel for mother and father presented statements to the trial court regarding whether a modification was justified; mother and father were present. Counsel presented exhibits regarding mother's overall expenses, expenses for F.J., F.J.'s private school expenses and mother's household receipts.[3] Then the trial court had counsel in his chambers for a brief, unrecorded conference; we assume that the trial court arrived at a decision regarding an increase in father's support payments. While in chambers, the trial court "asked [the attorneys a] question in terms of the incomes of the parties and Mr. Marshall [father's attorney] relied upon his stipulation that [father] would provide for the reasonable needs of the child."[4] N.T., 9/19/90, at 49. The trial court stated in its opinion that it then directed counsel to return to the courtroom to consult with mother and father and determine if the parties objected to the trial court's determination. Subsequently, the trial judge returned to the courtroom and announced the details of the September 21, 1990 order, which is the order appealed from. Mother and father and their counsel were in the courtroom. Father's counsel stated that,

3. This Court has been provided with copies of an expense "sheet" for mother and F.J. We have not been provided with copies of the latter two exhibits.
4. This matter will be discussed, *infra.*

There has been no evidence of any showing of increase in expenses, that [father] has gone to great length and trouble to attempt to validate expenses for his son, and his research which he would present to Your Honor would show that the expenses for the child don't show any documented increase of any nature between 1987 and 1988, or 1987 and today; that [father] would be prepared to present to Your Honor evidence to substantiate that contention[.]

N.T., 9/19/90, at 46. The trial court stated in its opinion that since it determined that there were no objections it issued the September 21, 1990 order. The trial court stated that it arrived at the instant determination regarding father's support obligations after it considered a previous modification order, by Montgomery County President Judge William Vogel, as a "baseline to arrive at the [instant] modified order." Trial Court Opinion, 12/17/90, at 9. President Judge Vogel set support at $370.00 per week. The trial court also relied upon father's August 16, 1988 [5] testimony that,

[P]lease don't think that Frank Keating [father] is somebody who only walks into a courtroom fighting for $288. Obviously, $370 [in child support] a week ... is a substantial amount for the child. I do it ... very willingly.... Money is not a factor. I don't even want to discuss it.... I'm more than willing to share it.

N.T., 8/16/88, at 63.

In addressing this issue we must consider our Court's August 15, 1988 memorandum opinion, at No. 02411 Philadelphia 1987 and No. 02421 Philadelphia 1987, that addressed, *inter alia,* the issue of the modification of father's child support obligation from $300.00 to $370.00 per week. Our Court stated that, "Appellant [father] concedes that for purposes of [the child support] issues his resources are

5. This hearing related to one of mother's prior petitions for modification of support.

unlimited." [6] Memorandum Opinion at page 9; *Keating v. Keating*, 385 Pa.Super. 661, 555 A.2d 253 [table]. After our Court found that wife demonstrated that the increase in child support was justified it concluded "that the trial court acted properly in awarding the $70 increase[, to $370.00 per week]." *Id.* We will therefore use $370.00 as a baseline in determining the instant issue.

■ This Court has held that it is an abuse of discretion for a trial court to enter a modification of a support order, based upon a change in circumstances, if the trial court does not refer on the record to the support guidelines. *Shutter v. Reilly*, 372 Pa.Super. 251, 539 A.2d 424 (1988). The support guidelines must be considered both in entering an original support order and in entering, as in the instant case, a modified order. *Id.*

> The guidelines are to be considered by the court so that the suggested amount of support is, at a minimum, given due consideration and so there may be uniformity of awards for persons similarly situated.

*Id.*, 372 Pa.Superior Ct. at 256, 539 A.2d at 426.

■ In the instant case the trial court did not refer to the support guidelines. That would have been an impossibility since the trial court did not consider the incomes of either mother or father. Therefore, pursuant to *Shutter v. Reilly, supra*, we vacate the September 21, 1990 trial court order and remand to the trial court for recomputation of the support award since the trial court abused its discretion in not considering whether or not the support guidelines are to be applied.

■ If after determining the respective incomes of the parties the trial court determines that the instant case is

6. At this point we wish to comment upon father's "unlimited resources" and his "stipulation to provide for the reasonable needs of F.J.". There is no such written stipulation in the record; we were only apprised of such a stipulation via father's counsel's assurances that father would provide for F.J.'s "reasonable needs". It is important to note that while father may be willing to utilize his "unlimited resources" to provide for F.J.'s needs, father has appealed to this Court from each of the last two increases in his child support payments.

outside of the guidelines, pursuant to Pa.R.C.P. 1910.16–5(d), which states that "if the parties' joint monthly income exceeds [$8,000], the case ... is to be determined pursuant to existing case law", then the trial court must consider the procedure that our Supreme Court created in *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). Our Court stated in *Coffey v. Coffey*, 394 Pa.Super. 194, 575 A.2d 587 (1990)

> [A]s appellant points out, application of neither the formula in *Melzer* ..., nor the Montgomery County Child Support Guidelines is evident from the undifferentiated order. This omission alone would be sufficient for reversal. However, the county guidelines have been superceded by those appearing in the Procedural Rules governing support actions; it is therefore the latter, in conjunction with *Melzer*, and the circumstances of the case which must be considered. [Citations omitted.]

*Id.*, 394 Pa.Superior Ct. at 203, 575 A.2d at 591.

> In calculating the support obligations of the parents under *Melzer*, the court must first determine and set forth on the record the reasonable needs of the child.... The court then must determine the respective financial capabilities of the parents to support their child. To arrive at this amount, the court must make allowances for the parents' reasonable living expenses and then *calculate each parent's net income or earning capacity.... When the court arrives at a figure for both the children's needs and their parents' disposable income, the court then computes a support obligation.* [Emphasis added.]

*Lesko v. Lesko*, 392 Pa.Super. 240, 244, 572 A.2d 780, 782–83 (1990).

We wish to add that "the Supreme Court ... recognized that the formula it set forth in *Melzer* was to be used as a guide and was not meant to divest the hearing court of discretion to consider all of the relevant facts. '[A] majority of the *Melzer* court eschewed strict mechanical formulas and endorsed a flexible approach in ... support cases.'"

*Olson v. Olson,* 384 Pa.Super. 224, 227, 558 A.2d 93, 95 (1989). We also note that our Court has recognized that deviations from the *Melzer* formula may be warranted under "the particular circumstances" of a case. *Id.* Although it is true that in the usual case the trial court must refer to the formula on the record, the law has recognized that in certain cases the formula need not be shown on the record (i.e., where wife had no income to plug into the formula; and, where father, who petitioned for a reduction in his support payments, intentionally withheld or refused to provide accurate information required under the formula, father could not, on appeal, request the benefits of the *Melzer* formula and the trial court could calculate support without an on the record reference to the formula [7]). *Id.* However, the instant case is distinguishable from *Olson* in that the instant record did not indicate that father intentionally withheld or failed to provide accurate information regarding his income and resources.

## FATHER'S CROSS–APPEAL:

■ Father claims in his cross-appeal that the trial court erred in failing to hold a support hearing and in modifying the then existing support order when mother failed to offer clear and positive evidence that F.J.'s needs had increased since the imposition of the prior support order. We agree and vacate the trial court's September 21, 1990 order and remand for a new hearing regarding mother's petition to modify support.

The trial court averred that it held a hearing on the petition to modify support on September 19, 1990. Our review of the "hearing" revealed that it consisted solely of arguments [8] by counsel for father and counsel for mother. Mother and father were present in the courtroom but did not testify. Mother's counsel presented a summary of

7. However, our Court's holding in *Olson* implies that the mother in that case could have raised the issue of the trial court's failure to apply the *Melzer* formula since she was not the party who withheld or failed to provide accurate information.

8. The arguments were referred to as "statements" on the "Index" page of the September 19, 1990 transcript.

mother's expenses and F.J.'s expenses. Father's counsel then summarized the position of his client. The transcript indicates that five exhibits were introduced into evidence. Our review of the record only revealed one exhibit, an Income and Expense statement for mother and F.J.[9] There was a brief recess and counsel and the trial judge held a conference in the trial judge's chambers. The trial court stated in its opinion that it then directed counsel to consult with their clients and inform them of the proposed order that the trial court would enter regarding a modification of support. The trial court stated that since there were no objections from either party it entered the instant order.[10]

When a trial court modifies an existing support order, that action is justified only when supported by clear and positive evidence after a hearing on the merits. *Ross v. Ross*, 359 Pa.Super. 357, 518 A.2d 1274 (1986). In a support action if counsel for the mother and father present arguments on behalf of the parties but there is no testimony presented then a hearing has not taken place. *Beegle v. Rasler*, 395 Pa.Super. 174, 576 A.2d 1100 (1990). Hence, there was no hearing on the merits and we remand for a hearing on the petition to modify support.

Furthermore, the "argument" presented by mother's counsel at the September 19, 1990 hearing clearly did not meet the burden of proof required at such a hearing. In a petition to modify a child support order, the petitioner carries the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original support order or any subsequent modifications. *Shutter v. Reilly, supra.* "The trial court must consider all pertinent facts and base its decision upon facts appearing in the record which indicate whether the petitioner did or did not meet the burden of

**9.** Although categorized an Income and Expense Statement, the statement contained no information regarding mother's income.

**10.** In fact, father's counsel complained in open court that mother had not presented any evidence to indicate an increase in expenses, and he also averred that father was prepared to present evidence to rebut mother's claims.

proof as to changed circumstances." *Id.* 372 Pa.Super. at 255, 539 A.2d at 426. In the instant case mother failed to provide documentation for several of the major items (new automobile, increased monthly condominium charges) for which support was increased. The trial court stated at the hearing, "I can appreciate [father's] desire to have all of this documented, but in the real world things don't get documented." N.T., 9/19/90, at 48. Therefore, mother did not meet her burden of proving that a material and substantial change in circumstances occurred since the second modification of support. Hence, we remand for a new support hearing.

Order vacated. Case remanded to the trial court with directions consistent with this Opinion. Jurisdiction relinquished.

McEWEN, J., concurs in the result.