**Bush v. Nyce**

C.P. of Berks County, no. 05-13744.

*David S. Sobotka,* for plaintiff.
*Alan B. Ziegler,* for defendant.

LASH, *J.,* November 27, 2006—The matters before this court are the exceptions of defendant, Sabrina L. Nyce (Mother), to the findings of fact, conclusions of law and recommendation of the support master, entered as an order of court on July 27, 2006, modifying a previous order for child support entered December 15, 2005. Because the record in this case does not warrant a modification of the previous support order, we vacate the order entered July 27, 2006, and reinstate the order entered December 15, 2005, for the reasons set forth herein.

The parties are the natural parents of a minor child, Brady Scott Bush, born January 5, 2000. Plaintiff, Matthew S. Bush (Father), had originally filed for child support on September 26, 2005. The matter proceeded to a hearing resulting in an order being entered December 15, 2005, requiring Mother to pay child support in the amount of $427 per month based on her monthly net income of $2,278.64 and Father's monthly net income of $2,829.05.

On or about May 1, 2006, Father filed a petition for modification of an existing support order. In the petition, Father set forth the following reasons for his basis that the circumstances have changed substantially: "I have been unable to work the overtime used to collect at the [first] support hearing, and I believe that the defendant has resumed working overtime or possibly working a second job."

A hearing was held before the support master on July 26, 2006. The next day, the support master entered his recommendation, modifying the support obligation to $448 per month, based upon Mother's monthly net income of $2,482.71 and Father's monthly net income of $2,723.68, in accordance with the guidelines. The support master also recommended that Mother pay the sum of $152 per month as contribution towards Father's daycare expense, for an overall recommendation, exclusive of arrears, of $600 per month.

"When a trial court modifies an existing support order, that action is justified only when supported by clear and positive evidence after a hearing on the merits." *Keating v. Keating*, 407 Pa. Super. 31, 42, 595 A.2d 109, 115 (1991). We also note that the petitioner must, in the petition, "specifically aver the material and substantial

change in circumstances upon which the petition is based." *Yerkes v. Yerkes,* 573 Pa. 294, 298, 824 A.2d 1169, 1171 (2003), citing Pa.R.C.P. 1910.19(a).

In his petition, Father relies on two bases for establishing a material and substantial change in circumstances. The first is that he suffered a reduction in income due to a loss of available overtime. While the support master accepted this reason as valid, the reduction amounted to just a little over $100 per month net. This amount is too insubstantial to warrant a modification of the support order. The second issue, that Mother has augmented her income, was expressly rejected by the support master in his findings.

In essence, the support master's basis for modification appears to be his finding that Father commenced paying daycare for the child and that Mother should share in this expense. However, this issue was not raised in Father's petition to modify. The issue therefore cannot be considered under Pa.R.C.P. 1910.19(a). We also note that, according to Father's testimony, Father had only enrolled the child in daycare sometime in mid-June 2006, after the petition had already been filed. (N.T., p. 14.)

The record is also incomplete on the issue of daycare. The support master states: "Part of the time during the summer, the mother has the child and it is not clear if she is using the same daycare." Under the custody order, Mother spends a significant amount of time with the child, which the master approximated at 31 percent of yearly overnight visits. If the support order were to be modified on the basis of the accrual of daycare expenses, the record would have to be augmented to sufficiently account for Mother's daycare expenses, if any. Since the

daycare issue was not raised in the petition, Mother could not be expected to satisfactorily address this concern at the time of the hearing.

We enter the following order:

## ORDER

And now, November 27, 2006, upon consideration of the exceptions of defendant, Sabrina L. Nyce, to the findings of fact, conclusions of law and recommendation of the support master, upon review of the file, and after argument held, said exceptions are sustained. The order entered July 27, 2006 is vacated. The previous order entered for child support dated December 15, 2005 is reinstated. The Domestic Relations Section of Berks County shall make any necessary adjustments to reflect the appropriate amount for arrears.