593 A.2d 886

**Sharon C. SEAWALT**

v.

**Robert S. MULDOON, Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 1991.

Filed July 1, 1991.

Terry Despoy, Altoona, for appellant.

Charles P. Wasovich, Altoona, for appellee.

Before TAMILIA, POPOVICH and MONTGOMERY, JJ.

TAMILIA, Judge:

This is an appeal from the October 4, 1990, Order of the trial court which confirmed the recommendation of a hear-

ing officer fixing a child support amount of $225 per month for two minor children.

On February 7, 1990, appellee, Sharon Seawalt (mother), filed a complaint for support for the parties' two minor children. As part of their earlier divorce settlement agreement, the parties entered into a shared custody arrangement wherein appellant, Robert Muldoon (father), has the children four nights per week and appellee the remaining three nights. At the time of the hearing before the trial court, both parties were employed, mother as a real estate agent, and father with State Farm Insurance Company. For purposes of computing support payments, the trial court found mother's net income to be $1,400 per month and father's net income to be $2,200 per month. The hearing officer used the Pennsylvania Supreme Court Guidelines, Pa.R.C.P. 1910.16–1 to 1910.16–5, in arriving at a figure of $225 per month for support, which was adopted by the trial court.

Appellant argues the trial court erred in not properly considering the existing custody arrangement when it ordered support. While the parties share custody equally, it is agreed appellant's house is the children's primary residence and, therefore, appellant incurs more of the expenses involved in raising the children. Appellant also argues the trial court erred by not considering the *Melzer* factors on the record. *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). Specifically, he argues the trial court did not consider the ability of the parties to pay, given the available assets and income of the remarried appellee, and also did not consider the direct support being paid by appellant in the form of medical insurance, life insurance, dental expenses, etc.

Our standard of review for awards of child support is abuse of discretion. *Lesko v. Lesko*, 392 Pa.Super. 240, 572 A.2d 780 (1990). To warrant a finding that the trial court abused its discretion in fashioning a child support award, a finding of more than mere error of judgment is required; discretion is abused only if a law is overridden or

misapplied or the judgment exercised is manifestly unreasonable. *Id.*, 392 Pa.Superior Ct. at 243, 572 A.2d at 782; *see Funk v. Funk*, 376 Pa.Super. 76, 545 A.2d 326 (1988). Our careful review of the record reveals there was no abuse of discretion by the trial court.

Appellant contends the trial court did not properly consider the custody arrangement when it entered the Order. A review of the record indicates the trial judge did take into account those variations in child care expenses unique to the shared custody situation in his analysis of the parties' respective financial situations. The court considered and correctly applied the Pennsylvania support guidelines promulgated in 23 Pa.C.S. § 4322. As noted in the "Certification for Domestic Court" of September 4, 1990 (Record # 5), father's net monthly income was $2,237, and mother's was $783. Rounding these figures to the nearest $100 increment, and applying the support guidelines (Pa.R.C.P. 1910.-16-2), the monthly support figure in a traditional custodial situation would be $572. The court, however, ascribed to appellee a monthly income of $1,400, which reduced the gridline figure to $526 per month. Further, appellant was given full credit for various fixed expenses and for one-half of a voluntary savings plan on behalf of the children, which lowered the support award to $225 per month.[1]

Thus the trial judge fashioned his award of support by taking into account both the shared custody arrangement and the fixed expenses of the appellant regarding the children and by giving appellant credit for a savings plan for the children. The court noted and we agree that the unique circumstances of this case were not suitable to a blind application of the support guidelines.

Appellant next argues the trial court failed to follow the mandate of *Melzer, supra,* which requires the court, on

---

1. In *Riess v. DeLuca,* 353 Pa.Super. 622, 510 A.2d 1239 (1986), this Court stated "[t]he total support obligations may be offset only by such voluntary expenditures as actually satisfy the obligation of reasonable and necessary support." *See Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984). In this respect, the father was given credit beyond what was required.

the record, to first determine the needs of the children and then determine the respective abilities of the parents to support them.

In *Horst v. Horst,* 406 Pa.Super. 188, 593 A.2d 1299 (1990), we held "[i]t is irrelevant whether the determination of child support is made by virtue of the guidelines, pursuant to the *Melzer* formula, or by agreement of the parties." *Id.,* 406 Pa.Superior Ct. at 191, 593 A.2d at 1300 (citation omitted). In another recent Opinion dealing with support, *Marshall v. Marshall,* 404 Pa.Super. 628, 591 A.2d 1060 (1991), we stressed that the calculation of support, whether by the guidelines or the *Melzer* formula, rests upon consideration of the following three factors: the needs of the child, the ability of the obligor to pay and the characteristics of the individual family which would otherwise make the guidelines unworkable. *Id.*

In *Marshall, supra,* the wife argued the trial court failed to consider *Melzer* in making the disposition. In facing the issue of whether *Melzer* must be applied separately, in conjunction with the guidelines, or not at all, we held "[e]ither the formula *or* the guidelines provided by the rules may be used to calculate support." *Id.,* 404 Pa.Superior Ct. at 637, 591 A.2d at 1065. *See also Funk, supra,* wherein the court stated:

> We recognize that the child rearing expenses in a shared custody setting vary from those in a sole custody setting, and, consequently, the formula for shared custody support determinations will not be identical to that envisioned in *Melzer.*

*Id.,* 376 Pa.Superior Ct. at 81, 545 A.2d at 329. The mandatory application of *Melzer* is no more required than the application of the guidelines, which are a starting point, but both must meet the test of reasonableness. *Id.* We further held "[w]hen the guidelines are utilized, objection is made and it is factually established they fail to produce a result which is within a reasonable range of what *Melzer* would have produced, then the guidelines will not prevail." *Marshall, supra,* 404 Pa.Superior Ct. at 639, 591 A.2d at 1066. We cannot say that failure to apply *Melzer* was error

because the use of *Melzer* in this case would not bring about a substantially different result.

*Melzer* requires the court to consider the needs of the children and the respective abilities of the parents to support the children. Here, the trial court not only considered the respective earning capacities of the parties, but, in fact, attributed to appellee an earning capacity roughly double that found by the Domestic Relations Office. Appellant argues the court did not specifically consider the children's reasonable living expenses. We agree with appellee that such an argument loses persuasiveness when the appellant is given full credit for all expenses which he claims to be paying, plus an additional credit for a voluntary savings plan. In this context, the court found as a fact that all such expenses were reasonable. Comments to Rule 1910.16–1, Amount of Support, Support Guidelines, provide:

3. *Allowable Deviations.* The guidelines are designed to treat similarly situated parents, spouses, and children in the same manner. Where there are unavoidable differences, deviations must be made from the guidelines. The guidelines are intended to serve only as a starting point when the parties have special needs and obligations.

The failure to deviate from these guidelines by considering a party's actual expenditures where there are special needs and special circumstances constitutes a misapplication of the guidelines. For the guidelines to operate in the manner in which they are designed, recognition must be given as required by the statute to

(a) unusual or special needs of the parties and their children;

(b) extraordinary expenses such as those necessary to meet unusual and unavoidable obligations; and

(c) other factors "as warrant special attention" such as third party contributions, separate property and other circumstances that increase or decrease a party's ability to pay support.

While father alleges the failure to apply *Melzer* is error, as we pointed out in *Marshall,* it is reversible error only when it appears the method utilized by the trial court would not withstand scrutiny under the guidelines or *Melzer.* "When the guidelines are utilized, objection is made and it is factually established they fail to produce a result which is within reasonable range of what *Melzer* would have produced, then the guidelines will not prevail." *Id.,* 404 Pa.Superior Ct. at 639, 591 A.2d at 1066. We restate this holding to point out how critically necessary it is to our review that these matters be raised *and factually established* in the trial court if we are to effectively consider such an issue. In this case, the record is 26 pages of testimony consisting of dialogue between the court and the attorneys and a statement by appellant. Nothing forwarded to this Court establishes the actual cost of maintaining the children or the amount incurred by either parent in meeting their needs. In the domestic relations office, it appears no attempt was made to establish these expenses and appellant was told the guidelines would be applied based on the respective income of the parties, with leeway in the counseling process to deviate only ten per cent either side of the guideline amount. Certification to the court resulted to allow a more reasonable application of the guidelines.

This case illustrates what is increasingly occurring in support matters. The guidelines have de facto taken the place of *Melzer* and other methods of establishing support Orders. *Marshall* addresses this problem. Through failure to establish the factual basis for allegations of failure to conform to *Melzer,* on appeal we must assume that the guidelines control when they have been properly applied. Using the guideline "chart of proportional expenditures," Rule 1910.16–3(b), for combined income level between $3,364–4,000, for two children, the percentage given is 23.9 per cent. Applying this amount as the presumed *need* of the children, as the record has established this as the basis for calculating support without objection by the parties, the amount of support which would be applicable in a *Melzer*

calculation is $860.40. *Melzer* would then be applied in the following fashion:

$$\text{Mother's share} \quad \frac{1400}{1400 + 2200} \times 860.40 = \$334.59$$

$$\text{Father's share} \quad \frac{2200}{1400 + 2200} \times 860.40 = \$611.00$$

---

The mother's contribution is not in dispute. Allowing contributions in kind for the father ($250) reduces his share to $361. Allowing an additional reduction of $50 for the children's savings plan equals $311. Therefore, using the *Melzer* formula, based on the available figures regarding need and income, father would be required to pay $311 per month. Here, using the guidelines, the father is required to pay only $225 per month. The mother initially requested $200 per month plus $25 on arrears. The court allowed her $225 plus an additional $25 to be applied to reduction of arrears for a total of $250. Therefore, we believe father has no basis for alleging error because of failure to apply *Melzer*.

In light of the foregoing discussion, the Order of the trial court must be affirmed.

Order affirmed.